IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

**TYLER MCKINZIE DUFF EVERETT ens legis** USUFRUCT HOLDER TYLER MCKINZIE DUFF EVERETT ens legis (USUFRUCT HOLDER Jelani Kwaku El sui juris) sui juris
**GENERAL POST OFFICE 3401**
**GULFPORT, MISSISSIPPI**
**NEAR [39505-9998]**
**EIN: 46-6858149**

CIVIL ACTION NO. 1.13cv3751LG-JMR

vs.

STATE OF MISSISSIPPI
CASE NO. B2401-2012-229
CASE NO. B2401-2012-430

IN THE CIRCUIT COURT OF HARRISON COUNTY, MS
HON. ROGER T. CLARK
HON. JOHN C. GARGIULO
HON. LISA P. DODSON



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
SEP 23 2013
J T NOBLIN CLERK
BY_____DEPUTY

MISSISSIPPI CRIME LAMB
ATTN: VELVEDA HARRIED

GULFPPORT POLICE DEPARTMENT
TIMOTHY ADAMS

## COMPLAINT

**COMPLAINT AGAINST IN THE CIRCUIT COURT OF HARRISON COUNTY, MS; HARRISON COUNTY; ITS PUBLIC TRUSTEE'S AND AGENT(S) FOR VIOLATION(S) TOWARDS THE SECURED PARTY, EXECUTOR OF THE USUFRUCT ESTATE OF TYLER MCKINZIE DUFF EVERETT ens legis; BY BREAKING THE UNIFORM COMMERCIAL CODE, UNDROIT, INTERNATIONAL COMMERCIAL COMMERCE, COMMERCIAL LAW, IRS CODE, IN SAID TRUST, AGREEMENTS, TREATIES BOTH FOREIGN AND DOMESTIC.**

Now comes Plaintiff, *TYLER MCKINZIE DUFF EVERETT ens legis (USUFRUCT HOLDER Jelani Kwaku El sui juris),* stating in this filing that plaintiff is a *ens legis* person by legal definition CHATTEL PROPERTY and a creature of law; the *sui juris* is a Autochthonous Indigenous Entity dwelling on the land in our Counties Territories on Amexem (North America) i.e…. United States of America, Inc., that plaintiff is mentally competent to testify to the facts herein contained and that plaintiff does hereby institute this filing under oath and penalty of perjury under the laws for the united States of America.

Now comes the Plaintiff, *TYLER MCKINZIE DUFF EVERETT ens legis (USUFRUCT HOLDER Jelani Kwaku El sui juris),* in his Natural capacities, complaining against Defendant(s) Individual; Official; Personal Capacity and in concert, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages caused by the deprivation under **"color of law"** and **"color of authority"** of Plaintiff constitutionally guaranteed rights as enumerated in the Constitution for the united

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

States of America and the Bill of Rights, UNDROIT, UNDRIP, ICC, UCC, in amendment thereto and is founded upon **42 U.S.C. Section 1983** et seq. Jurisdiction is based upon **28 U.S.C. Sections 1331** and **1343**. Declaratory relief is sought pursuant to **28 U.S.C. Sections 2201** and **2202**. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under the **Law of the Land**.

2. The Lower Court does not recognize the status of the ens legis nor the sui juris Ancient Law's that Govern the Veil of Justice towards the **ESTATE/TRUST of TYLER MCKINZIE DUFF EVERETT ens legis UCC1 FINANCING STATEMENT# 2013-2646831-46.01 (02), 2013-2655916-50.01 (02) (03) ; COMMERCIAL LIEN(S), SECURITY AGREEMENT, COMMERCIAL AGREEMENT, PRIVATE AGREEMENT(S) WHICH IS IN THE POSSESSION OF THE SECURED PARTY CREDITOR THE USUFRUCT HOLDER.**

3. Venue is placed in this District because it is the Highest Authority in these Lands to seek Relief and Remedy; for that reason the lower Court may be held accountable.

## PARTIES

4. *TYLER MCKINZIE DUFF EVERETT ens legis (USUFRUCT HOLDER Jelani Kwaku El sui juris)* (hereinafter the Plaintiff) are at all times relevant to the facts in this complaint and are living within the several States in the united States of America Minor and Outlying Islands.

5. **STATE OF MISSISSIPPI; IN THE CIRCUIT COURT OF HARRISON COUNTY, MS HON. ROGER T. CLARK; HON. JOHN C. GARGIULO; HON. LISA P. DODSON; MISSISSIPPI CRIME LAMB ATTN: VELVEDA HARRIED; GULFPPORT POLICE DEPARTMENT TIMOTHY ADAMS** is at all times relevant to the facts in this complaint, operating within and outside the limited jurisdiction of Article I Section 8 Clause 17 Territory defined in the Constitution for the united States of America.

## STATEMENT

I Jelani Kwaku El sui juris **USUFRUCT HOLDER** of **TYLER MCKINZIE DUFF EVERETT** *ens legis* assert my standings as a **NON-BELLIGERENT, NON-COMBATIVE, NON-ADVERSE Bailor.** I further affirm that I am Autochthonous Indigenous Entity in proper persona bearing all legal BOND(S), SURERITIES, CONTRACT(S), COMMERCIAL AGREEMENT(S), UNIFORM COMMERCIAL CODE FINANCING STATEMENTS within my possession.

I Jelani Kwaku El envoke the Ancient Law's that Govern our Society of the Ecclesiastical Deed of Divine Royality Laws of the *ens legis*, custodia legis, here on this day at this moment.

I Jelani Kwaku El accept the FACTS', not the crimes. I must determine for the record the FACTS' to which has not been given to me by COMMON LAW Esq. I have the duty to defend my USUFRUCT in any legal matter. (See 14th Amendment Section 4 of the Federal Constitution).

Too my knowledge there are only to Jurisdiction or Cases to be heard CIVIL and CRIMINAL; since CIVIL is Lawsuit's then CRIMINAL is by its own definition Commercial which leads to Commercial Crimes.

No Documents have been given to me to represent the USUFRUCT, nor any DATA Analysis; Written Affidavit(s), No Claim of Lien on the USUFRUCT.

Being that the schedule date for picking jury did not go through on its date; I Jelani Kwaku El request for a mistrial and acquitted of all charges due to the lack of jurisdiction.

## FACTS ON CASE

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

1. The Court's will not recognize the **"IDEM SONAS"** and my thereby identifies my PERSON-AL ACCOUNT. This account arises out of a quid pro quo consideration and bears my **USUFRUCT** Vessel Number. **112-88-070250**, SSN Number ***-**-**3966 [49850364].**

2. The Court's are looking for an **ACCEPTOR**, as the **PRINCIPAL** who has the primary obligation to pay or discharge any negotiable debt instrument presented for acceptance. (See **ACCEPTANCE** under **3-410** of the Uniform Commercial Code.)

3. In order for there to be a Crime there first must need to be a injured party.

4. No witness can be a witness if they do not have First witness Knowledge of the crime.

5. The correct weight of so called control substance is inaccurate. The Court's are extorting the Fact's and using presumption by estimating the weight of so called control substance by increasing the weight to 30-33 grams (See Exbihit) when the correct estimated weight is 1.2 grams 1.5 grams of marijuana and 1.2 grams to 1.5 grams of cocaine.

6. All Crimes are Commercial under the Law. Since All Crimes are Commercial they come with a charge and All Commercial Crimes have Remedies in Commerce.

7. No Disposition has been given to any Jelani Kwaku El sui juris, Nor given to me to proof read so that I may present my Facts.

8. The Court's have not Honored my wishes by Trial By Jury of my similar status and knowledge of Commercial Law. This is evident that a mistrial has accrued.

9. The Court's have issues a Appearance Bond's, Performance Bond, Bid Bond, Payment Bond with the neglecting of providing me with; which the Chancery Clerk Assigned a CUSIP number's that I Jelani Kwaku El may proceed in the discharge of said Commercial Crime. (See FRCP Federal Rules of Civil Procedure)

10. No Jurisdiction has been established wither its ADMIRALITY JURISDICTION, MARITIME JURISDICTION, and or STATUTORY JURISDICTION.

11. This case is determined by if it is a TORT or COMMERCIAL CRIME.

    a. if it is a tort, then there must be an injured party and no injured party has neen presented at anytime within this court case.
    b. if this is a commercial crime, then the prosecutor must produce a contract that i knowingly and with full disclosure of the fact's, entered into.
    c. Such process must in fact, comply with Clearfield Doctrine for compulsory production of the contract shoula a contract in fact exist; and consider the issue the Prosecutor when brining "charges" which haven't as yet been certified, indemnified/ bonded, may well be in fact are "Simulating Legal Process" which is a class C Felony. (See MISSISSIPPI STATUS AND CODES 97-9-1)

12. All Crimes are Commercial See Title 27 Chp 1 SubChp F part 72 Subpart B Section 72.11

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

## REFERENCE FACTS

### OATH OF OFFICE MAKES PUBLIC OFFICIALS "FOREIGN"

Those holding Federal or State public office, county or municipal office, under the Legislative, Executive or Judicial branch, including Court Officials, Judges, Prosecutors, Law Enforcement Department employees, Officers of the Court, and etc., before entering into these public offices, are required by the U.S. Constitution and statutory law to comply with Title 5 USC, Sec. §3331, "Oath of office." State Officials are also required to meet this same obligation, according to State Constitutions and State statutory law.

All oaths of office come under 22 CFR, Foreign Relations, Sections §§92.12 - 92.30, and all who hold public office come under Title 8 USC, Section §1481 "Loss of nationality by native-born or naturalized citizen; voluntary action; burden of proof; presumptions."

Under Title 22 USC, Foreign Relations and Intercourse, Section §611, a Public Official is considered a foreign agent. In order to hold public office, the candidate must file a true and complete registration statement with the State Attorney General as a foreign principle.

The Oath of Office requires the public official in his / her foreign state capacity to uphold the constitutional form of government or face consequences.

### Title 10 USC, Sec. §333, "Interference with State and Federal law"

The President, by using the militia or the armed forces, or both, or by any other means, shall take such measures as he considers necessary to suppress, in a State, any insurrection, domestic violence, unlawful combination, or conspiracy, if it—

(1) so hinders the execution of the laws of that State, and of the United States within the State, that any part or class of its people is deprived of a right, privilege, immunity, or protection named in the Constitution and secured by law, and the constituted authorities of that State are unable, fail, or refuse to protect that right, privilege, or immunity, or to give that protection; or (2) opposes or obstructs the execution of the laws of the United States or impedes the course of justice under those laws. In any situation covered by clause (1), the State shall be considered to have denied the equal protection of the laws secured by the Constitution.

Such willful action, while serving in official capacity, violates Title 18 USC, Section §1918:

### Title 18 USC, Section §1918 "Disloyalty and asserting the right to strike against the government"

Whoever violates the provision of 7311 of title 5 that an individual may not accept or hold a position in the Government of the United States or the government of the District of Columbia if he—

(1) advocates the overthrow of our constitutional form of government; (2) is a member of an organization that he knows advocates the overthrow of our constitutional form of government; shall be fined under this title or imprisoned not more than one year and a day, or both. And also deprives claimants of "honest services."

### Title 18, Section §1346. Definition of "scheme or artifice to defraud"

For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

## JUDGE SERVES AS A DEBT COLLECTOR

Judges hold public office under Title 28 USC, Chapter 176, Federal Debt Collection Procedure:

### Title 28, Chapter 176, Federal Debt Collection Procedure, Section §3002

As used in this chapter:

(2) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court. (3)

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

"Debt" means—

(A) an amount that is owing to the United States on account of a direct loan, or loan insured or guaranteed, by the United States; or (B) an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing under the terms of a contract originally entered into by only persons other than the United States;

(8) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt. (15) "United States" means—

(A) a Federal corporation; (B) an agency, department, commission, board, or other entity of the United States; or (C) an instrumentality of the United States.

*Title 22 USC, Sec. §286.* "Acceptance of membership by United States in International Monetary Fund," states the following:

The President is hereby authorized to accept membership for the United States in the International Monetary Fund (hereinafter referred to as the "Fund"), and in the International Bank for Reconstruction and Development (hereinafter referred to as the "Bank"), provided for by the Articles of Agreement of the Fund and the Articles of Agreement of the Bank as set forth in the Final Act of the United Nations Monetary and Financial Conference dated July 22, 1944, and deposited in the archives of the Department of State.

*Title 22 USC, Sec. § 286e-13,* "Approval of fund pledge to sell gold to provide resources for Reserve Account of Enhanced Structural Adjustment Facility Trust," states the following:

The Secretary of the Treasury is authorized to instruct the Fund's pledge to sell, if needed, up to 23,000,000 ounces of the Fund's gold, to restore the resources of the Reserve Account of the Enhanced Structural Adjustment Facility Trust to a level that would be sufficient to meet obligations of the Trust payable to lenders which have made loans to the Loan Account of the Trust that have been used for the purpose of financing programs to Fund members previously in arrears to the Fund.

## NO IMMUNITY UNDER "COMMERCE"

All immunity of the United States, and all liability of States, instrumentalities of States, and State officials have been waived under commerce, according to the following US Codes:

*Title 15 USC, Commerce, Sec. §1122, "Liability of States, instrumentalities of States, and State officials"*

(a) Waiver of sovereign immunity by the United States. The United States, all agencies and instrumentalities thereof, and all individuals, firms, corporations, other persons acting for the United States and with the authorization and consent of the United States, shall not be immune from suit in Federal or State court by any person, including any governmental or nongovernmental entity, for any violation under this Act. (b) Waiver of sovereign immunity by States. Any State, instrumentality of a State or any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the eleventh amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or nongovernmental entity for any violation under this Act.

*Title 42 USC, Sec. §12202, "State immunity"*

A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State

*Title 42 USC, Sec. §2000d-7, "Civil rights remedies equalization"*

(a) General provision

(1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. (2) In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

The Administrative Procedure Act of 1946 gives immunity in Administrative Court to the Administrative Law Judge (ALJ) only when an action is brought by the people against a public, agency or corporate official / department. Under Title 5 USC, Commerce, public offices or officials can be sanctioned.

*Title 5, USC, Sec. §551:*

(10) "sanction" includes the whole or a part of an agency—

(A) prohibition, requirement, limitation, or other condition affecting the freedom of a person;(B) withholding of relief;(C) imposition of penalty or fine;(D) destruction, taking, seizure, or withholding of property;(E) assessment of damages, reimbursement, restitution, compensation, costs, charges, or fees;(F) requirement, revocation, or suspension of a license; or

(G) taking other compulsory or restrictive action;

Justice is required to be BLIND while holding a **SET OF SCALES** and **a TWO-EDGED SWORD**. This symbolizes true justice. The Administrative Procedure Act of 1946 (60 stat 237) would allow the sword to cut in either direction and give the judge immunity by holding his own court office accountable for honest service fraud, obstruction of justice, false statements, malicious prosecution and fraud placed upon the court. Any willful intent to uncover the EYES OF JUSTICE or TILT THE SCALES is a willful intent to deny Due Process, which violates Title 18 USC §1346, "Scheme or Artifice to Defraud," by perpetrating a scheme or artifice to deprive another of the intangible right of honest services. This is considered fraud and an overthrow of a constitutional form of government and the person depriving the honest service can be held accountable and face punishment under Title 18 USC and Title 42 USC and violates Title 28 USC judicial procedures.

Both Title 18 USC, Crime and Criminal Procedure, and Title 42 USC, Public Health and Welfare, allow the Petitioner to bring an action against the United States and/or the State agencies, departments, and employees for civil rights violations while dealing in commerce. Title 10 places all public officials under this Title10 section 333 while under a state of emergency. (Declared or undeclared War, this falls under TWEA.)

## COURTS OPERATING UNDER WAR POWERS ACT

13. The Courts are operating under the Emergency War Powers Act. The country has been under a declared "state of emergency" for the past 70 years resulting in the Constitution being suspended (See Title 50 USC Appendix – Trading with the Enemy Act of 1917). The Courts have been misusing Title 50 USC, Sec. §23, "Jurisdiction of United States courts and judges," which provides for criminal jurisdiction over an "enemy of the state," whereas, Petitioner comes under Title 50 USC Appendix Application Sec. §21, "Claims of naturalized citizens as affected by expatriation" which states the following:

The claim of any naturalized American citizen under the provisions of this Act [sections 1 to 6, 7 to 39, and 41 to 44 of this Appendix] shall not be denied on the ground of any presumption of expatriation which has arisen against him, under the second sentence of section 2 of the Act entitled "An Act in reference to the expatriation of citizens and their protection abroad," approved March 2, 1907, if he shall give satisfactory evidence to the President, or the court, as the case may be, of his uninterrupted loyalty to the United States during his absence, and that he has returned to the United States, or that he, although desiring to return, has been prevented from so returning by circumstances beyond his control.

*Title 18, U.S.C., Section 242: kidnapping or attempted kidnapping*

This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

15 Statutes at Large, Chapter 249 (section 1), enacted July 27 1868, states the following:

Clarification of language:

The State of **Mississippi** has failed to state the meaning or clarify the definition of words. The Petitioner places before the Court legal definitions and terms, along with NOTICE OF FOREIGN STATE STATUS OF THE COURT. This court, pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 4(j), is, in fact and at law, a FOREIGN STATE as defined in Title 28 USC §1602, et. seq., the FOREIGN SOVEREIGN IMMUNITIES ACT of 1976, Pub. L. 94-583 (hereafter FSIA), and, therefore, lacks jurisdiction in the above captioned case. The above-mentioned "real party in interest" hereby demands full disclosure of the true and limited jurisdiction of this court. Any such failure violates 18 USC §1001, §1505, and §2331. This now violates the PATRIOT ACT, Section 800, Domestic terrorism.

There are three different and distinct forms of the "United States" as revealed by this case law:

"The high Court confirmed that the term "United States" can and does mean three completely different things, depending on the context."

*Hooven& Allison Co. vs. Evatt, 324 U.S. 652 (1945) & United States v. Cruikshank, 92 U.S. 542 (1876) & United States v. Bevans, 16 U.S. 3 Wheat. 336 336 (1818)*

The Court and its officers have failed to state which United States they represent, since they can represent only one, and it's under Federal Debt Collection Procedure, as a corporation, the United States has no jurisdiction over the Petitioner. As an American national and as a belligerent claimant, Petitioner hereby asserts the right of immunity inherent in the 11th amendment: "The judicial power shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens of any Foreign State." This court, by definition is a FOREIGN STATE, and is misusing the name of this Sovereign American by placing Petitioner's name in all capital letters, as well as by using Petitioner's last name to construe Petitioner erroneously, as a "person" which is a "term of art" meaning: a creature of the law, an artificial being, and a **CORPORATION** or ens legis:

"**Ens Legis**. L. Lat. A creature of the law; an artificial being, as contrasted with a natural person. Applied to corporations, considered as deriving their existence entirely from the law." —Blacks Law Dictionary, 4th Edition, 1951.

All complaints and suits against such CORPORATION, or ens legis, fall under the aforementioned FSIA and service of process must therefore be made by the clerk of the court, under Section 1608(a)(4) of Title 28 USC, 63 Stat. 111, as amended (22 U.S.C. 2658) [42 FR 6367, Feb. 2, 1977, as amended at 63 FR 16687, Apr. 6, 1998], to the Director of the Office of Special Consular Services in the Bureau of Consular Affairs, Department of State, in Washington, D.C., exclusively, pursuant to 22 CFR §93.1 and §93.2. A copy of the FSIA must be filed with the complaint along with "a certified copy of the diplomatic note of transmittal," and, "the certification shall state the date and place the

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

documents were delivered." The foregoing must be served upon the Chief Executive Officer and upon the Registered Agent of the designated CORPORATION or FOREIGN STATE.

**MUNICIPAL, COUNTY, or STATE COURTS** lack jurisdiction to hear any case since they fall under the definition of FOREIGN STATE, and under all related definitions below. Said jurisdiction lies with the "district court of the United States," established by Congress in the states under Article III of the Constitution, which are "constitutional courts" and do not include the territorial courts created under Article IV, Section 3, Clause 2, which are "legislative" courts. Hornbuckle v. Toombs, 85 U.S. 648, 21 L.Ed. 966 (1873), (See Title 28 USC, Rule 1101), exclusively, under the FSIA Statutes pursuant to 28 USC §1330.

It is an undisputed, conclusive presumption that the above-mentioned real party in interest is a not a CORPORATION, and, further, is not registered with any Secretary of State as a CORPORATION. Pursuant to Rule 12(b)(6), the SOLICITOR GENERAL OF HARRISON COUNTY has failed to state a claim for which relief can be granted to the Petitioner. This is a FATAL DEFECT, and, therefore, the instant case and all related matters must be **DISMISSED WITH PREJUDICE** for lack of in personam, territorial, and subject matter jurisdiction, as well as for improper Venue, as well as pursuant to the 11th Amendment Foreign State Immunity.

Moreover, the process in the above-captioned case is not "regular on its face."

Regular on its Face -- "Process is said to be "regular on its face" when it proceeds from the court, officer, or body having authority of law to issue process of that nature, and which is legal in form, and contains nothing to notify, or fairly apprise any one that it is issued without authority."

## TABLE OF DEFINITIONS

Foreign Court - The courts of a foreign state or nation. In the United States, this term is frequently applied to the courts of one of the States when their judgment or records are introduced in the courts of another.

Foreign jurisdiction - Any jurisdiction foreign to that of the forum; e.g., a sister state or another country.Also, the exercise by a state or nation jurisdiction beyond its own territory.

Long-arm service of process - Is a form of such foreign or extraterritorial jurisdiction.

Foreign laws - The laws of a foreign country, or of a sister state. In conflicts of law, the legal principles of jurisprudence which are part of the law of a sister state or nation. Foreign laws are additions to our own laws, and in that respect are called "jus receptum."

Foreign corporation - A corporation doing business in one State though chartered or incorporated in another state is a foreign corporation as to the first state, and, as such, is required to consent to certain conditions and restrictions in order to do business in such first state. Under federal tax laws, a foreign corporation is one which is not organized under the law of one of the States or Territories of the United States. I.R.C. § 7701 (a) (5). Service of process on foreign corporation is governed by the Fed. R. Civ. P. 4. See also Corporation.

Foreign service of process - Service of process for the acquisition of jurisdiction by a court in the United States upon a person in a foreign country is prescribed by Fed R. Civ. P. 4 (i) and 28 U.S.C.A. § 1608. Service of process on foreign corporations is governed by Fed. R. Civ. P. 4(d) (3).

Foreign states - Nations which are outside the United States. Term may also refer to another state; i.e. a sister state.

Foreign immunity - With respect to jurisdictional immunity of foreign states, see 28 USC, Sec. §1602 et seq. Title 8 USC, Chapter 12, Subchapter I, Sec. §1101(14) The term "foreign state" includes outlying possessions of a foreign state, but self-governing dominions or territories under mandate or trusteeship shall be regarded as separate foreign states.

Profiteering - Taking advantage of unusual or exceptional circumstance to make excessive profit; e.g. selling of scarce or essential goods at inflated price during time of emergency or war.

Person - In general usage, a human being (i.e. natural person) though by statute the term may include a firm, labor organizations, partnerships, associations, corporations, legal representative, trusts, trustees in bankruptcy, or receivers. National Labor Relations Act, §2(1). Definition of the term "person" under Title 26, Subtitle F, Chapter 75, Subchapter D, Sec. §7343. The term "person" as used in this chapter includes an officer or employee of a

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the act in respect of which the violation occurs. A corporation is a "person" within the meaning of equal protection and due process provisions of the United States Constitution.

Proper Persona - Lat. 'In ones own proper person.' To represent ones self in court without assistance of an attorney, at least 'on the record.' Often shortened to 'in pro per.' The U.S. Supreme Court observed in its unanimous decision in Kay v. Ehrler, 499 U.S. 432, that a lawmaking body may instead prefer to discourage attorneys from electing to appear in propria persona because such self-representation may often conflict with the general public and legislative policy favoring the effective and successful prosecution of meritorious claims. The high court observed that 'Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that 'a lawyer who represents himself has a fool for a client' is the product of years of experience by seasoned litigators.. Id. at 437-438

An appearance may be in propria persona, and need not be by attorney.

Obs. 'In his own person.' It is a rule in pleading that pleas to the jurisdiction of the court must be pleaded in propria persona, because, if pleaded by attorney, they admit the jurisdiction, as an attorney is an officer of the court, and he is presumed to plead after having obtained leave, which admits the jurisdiction.

Pro Se-(proh say) prep. Latin for "for himself". A party to a lawsuit who represents himself (acting in propria persona), is appearing in the case "pro se."

Tertius interveniens - A third party intervening; a third party who comes between the parties to a suit; one who interpleads.Gilbert's Forum Romanum. 47.

## DECLARATION OF STATUS AND RIGHT OF AVOIDANCE

The above-mentioned "real party in interest" hereby declares the status of a "foreign state" as defined in 28 USC 1331(b)(1), as "a separate legal person, corporate or otherwise," (in the instant case, "otherwise"), (b)(2), "an organ (a vital part) of a foreign state" and (b)(3), "neither a citizen of a State of the United States as defined in section 1332(c)" (a corporation, an insurer, or the legal representative of a decedent, an infant or an incompetent), "nor created under the laws of any third country."

Furthermore, the above-mentioned "real party in interest" is not an artificial, corporate "person" as defined and created by PUBLIC STATUTES, and is not a juristic person which may be "affected" by PUBLIC STATUTES; but, is invested with and bears the status, condition and character of "a sovereign without subjects." The above-mentioned "real party in interest" is always and at all times present in his "asylum home state," which is "the common case of the place of birth, domicile um originis," also referred to as Natural Domicile, which is "the same as domicile of origin or domicile by birth," (See Johnson v. Twenty-One Bales, 13 Fed. Cas. 863; Black's Law Dictionary, 4th edition), which is the source and the seat of his sovereignty and immunity.

Accordingly, the above-mentioned "real party in interest" exercises his Right of Avoidance and hereby rejects the offered commercial venture and declines to fuse with or to animate the above-mentioned Defendant in Error, or to stand as [TYLER MCKINZIE DUFF EVERETT ENS LEGIS ], which is defined in Barron's Law Dictionary, 4th edition, (1996), as "a term referred to in commercial and property contexts when a transfer is made to a third party, the  [person], simply for the purpose of retransferring to the trans ferror in order to accomplish some purpose not otherwise permitted," i.e., obtaining jurisdiction over the above-mentioned "real party in interest" or relying upon the rebuttable presumption that the above-mentioned "real party in interest" is a corporation. The definition also contains the admonition to "See dummy," which at that entry is therein defined as "a strawman; a sham."

## TABLE OF AUTHORITIES – PERSON

"This word 'person' and its scope and bearing in the law, involving, as it does, legal fictions and also apparently

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

natural beings, it is difficult to understand; but it is absolutely necessary to grasp, at whatever cost, a true and proper understanding to the word in all the phases of its proper use . . . A person is here not a physical or individual person, but the status or condition with which he is invested . . . not an individual or physical person, but the status, condition or character borne by physical persons . . . The law of persons is the law of status or condition." -- American Law and Procedure, Vol. 13, page 137, 1910.

The following case citation declares the undisputed distinction in fact and at law of the distinction between the term "persons," which is the plural form of the term "person," and the word "People" which is NOT the plural form of the term "person." The above-mentioned "real party in interest" is NOT a subordinate "person," "subject," or "agent," but is a "constituent," in whom sovereignty abides, a member of the "Posterity of We, the People," in whom sovereignty resides, and from whom the government has emanated: "The sovereignty of a state does not reside in the persons who fill the different departments of its government, but in the People, from whom the government emanated; and they may change it at their discretion. Sovereignty, then in this country, abides with the constituency, and not with the agent; and this remark is true, both in reference to the federal and state government.

" *(Persons are not People).--Spooner v. McConnell, 22 F 939, 943:* "

Our government is founded upon compact. Sovereignty was, and is, in the people

" *--Glass v. Sloop Betsey, supreme Court, 1794.* "

People of a state are entitled to all rights which formerly belong to the King, by his prerogative.

" *--supreme Court, Lansing v. Smith, 1829.* "

The United States, as a whole, emanates from the people ... The people, in their capacity as sovereigns, made and adopted the Constitution ...

" *--supreme Court, 4 Wheat 402.* "

The governments are but trustees acting under derived authority and have no power to delegate what is not delegated to them. But the people, as the original fountain might take away what they have delegated and entrust to whom they please. ... The sovereignty in every state resides in the people of the state and they may alter and change their form of government at their own pleasure.

" *--Luther v. Borden, 48 US 1, 12 LEd 581.* "

While sovereign powers are delegated to ... the government, sovereignty itself remains with the people

" *--YickWo v. Hopkins, 118 U.S. 356, page 370.* "

There is no such thing as a power of inherent sovereignty in the government of the United States .... In this country sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it: All else is withheld.

" *-- Julliard v. Greenman, 110 U.S. 421.* "

In common usage, the term 'person' does not include the sovereign, and statutes employing the word are ordinarily construed to exclude it.

" *-- Wilson v. Omaha Indian Tribe 442 US 653, 667 (1979).* "

Since in common usage the term 'person' does not include the sovereign, statutes employing that term are ordinarily construed to exclude it.

" *-- U.S. v. Cooper, 312 US 600,604, 61 SCt 742 (1941).* "

In common usage, the term 'person' does not include the sovereign and statutes employing it will ordinarily not be construed to do so.

" *-- U.S. v. United Mine Workers of America, 330 U.S. 258, 67 SCt 677 (1947).* "

Since in common usage, the term 'person' does not include the sovereign, statutes employing the phrase are ordinarily construed to exclude it." -- US v. Fox 94 US 315. "In common usage the word 'person' does not include the sovereign, and statutes employing the word are generally construed to exclude the sovereign.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

*" -- U.S. v. General Motors Corporation, D.C. Ill, 2 F.R.D. 528, 530.*

The following two case citations declare the undisputed doctrine, in fact and at law, that the word (term of art) "person" is a "general word," and that the "people," of whom the above-mentioned "real party in interest" is one, "are NOT bound by general words in statutes." Therefore, statutes do not apply to, operate upon or affect the above-mentioned "real party in interest:" "The word `person' in legal terminology is perceived as a general word which normally includes in its scope a variety of entities other than human beings.,

*--Church of Scientology v. US Department of Justice 612 F2d 417, 425 (1979). "*

The people, or sovereign are not bound by general words in statutes, restrictive of prerogative right, title or interest, unless expressly named. Acts of limitation do not bind the King or the people. The people have been ceded all the rights of the King, the former sovereign ... It is a maxim of the common law, that when an act is made for the common good and to prevent injury, the King shall be bound, though not named, but when a statute is general and prerogative right would be divested or taken from the King (or the People) he shall not be bound." -- The People v. Herkimer, 4 Cowen (NY) 345, 348 (1825): "In the United States, sovereignty resides in people.

*" --Perry v. U.S. (294 US 330). "*

A Sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal Right as against the authority that makes the law on which the Right depends.

*" --Kawananakoa v. Polyblank, 205 U.S. 349, 353, 27 S. Ct. 526, 527, 51 L. Ed. 834 (1907).*

### TABLE OF AUTHORITIES—LACK OF SUBJECT MATTER JURISDICTION

In a court of limited jurisdiction, whenever a party denies that the court has subject-matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction. Bindell v City of Harvey, 212 Ill. App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it."). Until the plaintiff submits uncontroversial evidence of subject-matter jurisdiction to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-matter jurisdiction. Loos v American Energy Savers, Inc., 168 Ill. App. 3d 558, 522 N.E. 2d 841 (1988) ("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff."). The law places the duty and burden of subject-matter jurisdiction upon the plaintiff. Should the court attempt to place the burden upon the defendant, the court has acted against the law, violates the defendant's due process rights, and the judge under court decisions has immediately lost subject-matter jurisdiction. In a court of limited jurisdiction, the court must proceed exactly according to the law or statute under which it operates.

*Flake v Pretzel, 381 Ill. 498, 46 N.E.2d 375 (1943)*

("the actions, being statutory proceedings, ...were void for want of power to make them.") ("The judgments were based on orders which were void because the court exceeded its jurisdiction in entering them. Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the limits of the jurisdiction conferred, its judgment is void.");

*Armstrong v Obucino, 300 Ill. 140, 143, 133 N.E. 58 (1921)*

("The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute which is applicable to it." In Interest of

*M.V., 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997)*

("Where a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and courts exercising jurisdiction over such matters must proceed within the strictures of the statute."); In re Marriage of Milliken, 199 Ill.App.3d 813, 557 N.E.2d 591 (1st Dist. 1990) ("The jurisdiction of a court in a dissolution proceeding is limited to that conferred by statute.");

*Vulcan Materials Co. v. Bee Const. Co., Inc., 101 Ill.App.3d 30, 40, 427 N.E.2d 797 (1st Dist. 1981)*

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

("Though a court be one of general jurisdiction, when its power to act on a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction."). "There is no discretion to ignore that lack of jurisdiction.

*Joyce v. US, 474 F2d 215.* "

A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property.

*" Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732. "*

Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio.

*" In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846. "*

Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term.

*" Dillon v. Dillon, 187 P 27. "*

A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance.

*" Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331, US 549, 91 L. ed. 1666, 67 S.Ct. 1409. "*

A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction.

*" Wuest v. Wuest, 127 P2d 934, 937. "*

Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris.

*" Merritt v. Hunter, C.A. Kansas 170 F2d 739. "*

the fact that the petitioner was released on a promise to appear before a magistrate for an arraignment, that fact is circumstance to be considered in determining whether in first instance there was a probable cause for the arrest.

*" Monroe v. Papa, DC, Ill. 1963, 221 F Supp 685. "*

Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter.

*" See McNutt v. GMAC, 298 US 178.*

The origins of this doctrine of law may be found in

*Maxfield's Lessee v. Levy, 4 US 308. "*

A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance.

*" Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409. "*

Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action.

*" Melo v. US, 505 F2d 1026. "*

The law provides that once State and Federal jurisdiction has been challenged, it must be proven.

*" --Main v. Thiboutot, 100 S. Ct. 2502 (1980). "*

Once jurisdiction is challenged, it must be proven.

*" --Hagens v. Lavine, 415 U.S. 533.*

"Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

*" --Thompson v. Tolmie, 2 Pet. 157, 7 L.Ed. 381; Griffith v. Frazier, 8 Cr. 9, 3L.Ed. 471. "*

No sanctions can be imposed absent proof of jurisdiction.

*" --Standard v. Olsen, 74 S. Ct. 768; Title 5 U.S.C., Sec. 556 and 558 (b).*

"The proponent of the rule has the burden of proof.

*" --Title 5 U.S.C., Sec. 556 (d). "*

Jurisdiction can be challenged at any time, even on final determination.

*" --Basso v. Utah Power & Light Co., 495 2nd 906 at 910. "*

Mere good faith assertions of power and authority (jurisdiction) have been abolished.

*" --Owens v. The City of Independence, "*

A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction.

*" --Wuest v. Wuest, 127 P2d 934, 937.*

## TABLE OF AUTHORITIES – LACK OF JUDICIAL IMMUNITY

Thus, neither Judges nor Government attorneys are above the law. See United States v. Isaacs, 493 F. 2d 1124, 1143 (7th Cir. 1974). In our judicial system, few more serious threats to individual liberty can be imagined than a corrupt judge or judges acting in collusion outside of their judicial authority with the Executive Branch to deprive a citizen of his rights. In The Case of the Marshalsea, 77 Eng. Rep. 1027 (K.B. 1613), Sir Edward Coke found that Article 39 of the Magna Carta restricted the power of judges to act outside of their jurisdiction such proceedings would be void, and actionable.

When a Court has (a) jurisdiction of the cause, and proceeds in verso ordine or erroneously, there the party who sues, or the officer or minister of the Court who executes the precept or process of the Court, no action lies against them. But (b) when the Court has not jurisdiction of the cause, there the whole proceeding is before a person who is not a judge, and actions will lie against them without any regard of the precept or process . . . Id. 77 Eng. Rep. at 1038-41.

A majority of states including Virginia (see, Va. Code §8.01-195.3(3)), followed the English rule to find that a judge had no immunity from suit for acts outside of his judicial capacity or jurisdiction. Robert Craig Waters, 'Liability of Judicial Officers under Section 1983' 79 Yale L. J. (December 1969), pp. 326-27 and 29-30).

Also as early as 1806, in the United States there were recognized restrictions on the power of judges, as well as the placing of liability on judges for acts outside of their jurisdiction. In Wise v. Withers, 7 U.S. (3 Cranch) 331 (1806), the Supreme Court confirmed the right to sue a judge for exercising authority beyond the jurisdiction authorized by statute.

In Stump v. Sparkman, 435 U.S. 349 at 360 (1978), the Supreme Court confirmed that a judge would be immune from suit only if he did not act outside of his judicial capacity and/or was not performing any act expressly prohibited by statute. See Block, Stump v Sparkman and the History of Judicial Immunity, 4980 Duke L.J. 879 (l980). The Circuit Court overturned this case and the judge was liable.

Judicial immunity may only extend to all judicial acts within the court's jurisdiction and judicial capacity, but it does not extend to either criminal acts, or acts outside of official capacity or in the 'clear absence of all jurisdiction.' see

*Stump v. Sparkman 435 U.S. 349 (1978).*

"When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid Constitutional provisions or valid statutes expressly depriving him of jurisdiction or judicial capacity, judicial immunity is lost.

*" --Rankin v. Howard 633 F.2d 844 (1980), Den Zeller v. Rankin, 101 S.Ct. 2020 (1981).*

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

As stated by the United States Supreme Court in Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872),

'where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction.' The constitutional requirement of due process of the law is indispensable:

*"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use without just compensation."*

(n11)Footnote 11. The Maritime Law Association of the United States has supported amending and modernizing the Limitation Act to bring it into alignment with the 1976 International Convention on the Limitation of Liability for Maritime Claims (see 6 Benedict on Admiralty, Doc. No. 5-4). A bill was introduced into the House of Representatives (H.R. 277) and a hearing held in 1985, but without action being taken. See Staring, Aspersions, at 316-317.

§ 30507.
Apportionment of losses
If the amounts determined under sections 30505 and 30506 of this title are insufficient to pay all claims--
(1) all claimants shall be paid in proportion to their respective losses out of the amount determined under section 30505 of this title n33; and
(2) personal injury and death claimants, if any, shall be paid an additional amount in proportion to their respective losses out of the additional amount determined under section 30506(b) of this title. n34
(Pub. L. 109-304, § 6(c), Oct. 6, 2006, 120 Stat. 1513.)

# Canon Laws
## Title I: Ecclesiastical Laws

**Canon 7** A law comes into being when it is promulgated.

**Canon 8 §1** Universal ecclesiastical laws are promulgated by publication in the 'Acta Apostolicae Sedis', unless in particular cases another manner of promulgation has been prescribed. They come into force only on the expiry of three months from the date appearing on the particular issue of the 'Acta', unless because of the nature of the case they bind at once, or unless a shorter or a longer interval has been specifically and expressly prescribed m the law itself.

**§2** Particular laws are promulgated in the manner determined by the legislator; they begin to oblige one month from the date of promulgation, unless a different period is prescribed in the law itself.

**Canon 9** Laws concern matters of the future, not those of the past, unless provision is made in them for the latter by name.

**Canon 10** Only those laws are to be considered invalidating or incapacitating which expressly prescribe that an act is null or that a person is incapable.

**Canon 11** Merely ecclesiastical laws bind those who were baptized in the Catholic Church or received into it, and who have a sufficient use of reason and, unless the law expressly provides otherwise, who have completed their seventh year of age.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

**Canon 12 §1** Universal laws are binding everywhere on all those for whom they were enacted.

§2 All those actually present in a particular territory in which certain universal laws are not in force, are exempt from those laws.

§3 Without prejudice to the provisions of Canon 13, laws enacted for a particular territory bind those for whom they were enacted and who have a domicile or quasi-domicile in that territory and are actually residing in it.

**Canon 13** §1 Particular laws are not presumed to be personal, but rather territorial, unless the contrary is clear.

§2 Peregrini are not bound:

1° by the particular laws of their own territory while they are absent from it, unless the transgression of those laws causes harm in their own territory, or unless the laws are personal

2° by the laws of the territory in which they are present, except for those laws which take care of public order, or determine the formalities of legal acts, or concern immovable property located in the territory.

§3 Vagi are bound by both the universal and the particular laws which are in force in the place in which they are present.

**Canon 14** Laws, even invalidating and incapacitating ones, do not oblige when there is a doubt of law. When there is a doubt of fact, however Ordinaries can dispense from them provided, if there is question of a reserved dispensation, it is one which the authority to whom it is reserved Is accustomed to grant.

**Canon 15 §1** Ignorance or error concerning invalidating or incapacitating laws does not prevent the effect of those laws, unless it is expressly provided otherwise.

§2 Ignorance or error is not presumed about a law, a penalty, a fact concerning oneself, or a notorious fact concerning another. It is presumed about a fact concerning another which is not notorious, until the contrary is proved.

**Canon 16 §1** Laws are authentically interpreted by the legislator and by that person to whom the legislator entrusts the power of authentic interpretation.

§2 An authentic interpretation which is presented by way of a law has the same force as the law itself, and must be promulgated. If it simply declares the sense of words which are certain in themselves, it has retroactive force. If it restricts or extends the law or resolves a doubt, it is not retroactive.

§3 On the other hand, an interpretation by way of a court judgment or of an administrative act in a particular case, does not have the force of law. It binds only those persons and affects only those matters for which it was given.

**Canon 17** Ecclesiastical laws are to be understood according to the proper meaning of the words considered in their text and context. If the meaning remains doubtful or obscure, there must be recourse to parallel places, if there be any, to the purpose and circumstances of the law, and to the mind of the legislator.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

**Canon 18** Laws which prescribe a penalty, or restrict the free exercise of rights, or contain an exception to the law, are to be interpreted strictly.

**Canon 19** If on a particular matter there is not an express provision of either universal or particular law, nor a custom, then, provided it is not a penal matter, the question is to be decided by taking into account laws enacted in similar matters, the general principles of law observed with canonical equity, the jurisprudence and practice of the Roman Curia, and the common and constant opinion of learned authors.

**Canon 20** A later law abrogates or derogates from an earlier law, if it expressly so states, or if it is directly contrary to that law, or if it integrally reorders the whole subject matter of the earlier law. A universal law, however, does not derogate from a particular or from a special law, unless the law expressly provides otherwise.

**Canon 21** In doubt, the revocation of a previous law is not presumed; rather, later laws are to be related to earlier ones and, as far as possible, harmonized with them.

# 2010 Mississippi Code
# TITLE 3 - STATE SOVEREIGNTY, JURISDICTION AND HOLIDAYS
# Chapter 5 - Acquisition of Land by United States Government.
# 3-5-1 - Consent given for acquisition of land by the United States for certain purposes.

## § 3-5-1. Consent given for acquisition of land by the United States for certain purposes.

The consent of the State of Mississippi is given, in accordance with the 17th Clause, 8th Section, and of the 1st article of the Constitution of the United States, to the acquisition by the United States, by purchase, condemnation or otherwise, of any land in this state which has heretofore been or may hereafter be acquired for custom houses, post offices, or other public buildings.
**Sources:** Codes, 1930, § 6055; 1942, § 4153; 1928, chs. 4, 85.

# 2010 Mississippi Code
# TITLE 7 - EXECUTIVE DEPARTMENT
# Chapter 11 - Secretary of State; Land Records.
# 7-11-1 - Repealed.
§ 7-11-1. Repealed.

Repealed by Laws, 1978, ch. 458, § 29, eff from and after January 1, 1980.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

[Codes, 1892, § 2566; 1906, § 2904; Hemingway's 1917, § 5239; 1930, § 6008; 1942, § 4067; Laws, 1910, ch. 197; 1936, ch. 174; 1938, Ex. ch. 30; 1942, ch. 236; 1944, ch. 222]

# 2010 Mississippi Code
## TITLE 11 - CIVIL PRACTICE AND PROCEDURE
## Chapter 25 - Unlawful Entry and Detainer.
## 11-25-1 - In what cases a remedy.
§ 11-25-1. In what cases a remedy.

Any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee, or trustee, or cestui que trust, or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed.

Sources: Codes, Hutchinson's 1848, ch. 56, art. 7(2); 1857, ch. 42, arts. 2, 3; 1871, § 1582; 1880, § 2645; 1892, § 4461; 1906, § 5039; Hemingway's 1917, § 3311; 1930, § 3456; 1942, § 1033.

# 2010 Mississippi Code
## TITLE 11 - CIVIL PRACTICE AND PROCEDURE
## Chapter 33 - Attachment at Law Against Debtors.
## 11-33-1 - Application.
§ 11-33-1. Application.

The remedy by attachment shall apply to all actions or demands founded upon any indebtedness, or for the recovery of damages for the breach of any contract, express or implied, and to actions founded upon any penal statutes.

Sources: Codes, 1857, ch. 52, art. 1; 1871, § 1419; 1880, § 2414; 1892, § 125; 1906, § 129; Hemingway's 1917, § 121; 1930, § 119; 1942, § 2675.

# 2010 Mississippi Code
## TITLE 11 - CIVIL PRACTICE AND PROCEDURE

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

## Chapter 45 - Suits by and Against the State or Its Political Subdivisions.
## 11-45-1 - When the state may be sued.
§ 11-45-1. When the state may be sued.

Any person having a claim against the State of Mississippi, after demand made of the auditor of public accounts therefor, and his refusal to issue a warrant on the treasurer in payment of such claim, may, where it is not otherwise provided, bring suit therefor against the state, in the court having jurisdiction of the subject matter which holds its sessions at the seat of government; and, if there be no such court at the seat of government, such suit may be instituted in such court in the county in which the seat of government may be.

Sources: Codes, 1871, § 1573; 1880, § 2641; 1892, § 4248; 1906, § 4800; Hemingway's 1917, § 3164; 1930, § 5997; 1942, § 4387.

## 2010 Mississippi Code
## TITLE 11 - CIVIL PRACTICE AND PROCEDURE
## Chapter 46 - Immunity of State and Political Subdivisions From Liability and Suit for Torts and Torts of Employees.
## 11-46-1 - Definitions.
§ 11-46-1. Definitions.

As used in this chapter the following terms shall have the meanings herein ascribed unless the context otherwise requires:

(a) "Claim" means any demand to recover damages from a governmental entity as compensation for injuries.
(b) "Claimant" means any person seeking compensation under the provisions of this chapter, whether by administrative remedy or through the courts.
(c) "Board" means the Mississippi Tort Claims Board.
(d) "Department" means the Department of Finance and Administration.
(e) "Director" means the executive director of the department who is also the executive director of the board.
(f) "Employee" means any officer, employee or servant of the State of Mississippi or a political subdivision of the state, including elected or appointed officials and persons acting on behalf of the state or a political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation. The term "employee" shall not mean a person or other legal entity while acting in the capacity of an independent contractor under contract to the state or a political subdivision; provided, however, that for purposes of the limits of liability provided for in Section 11-46-15, the term "employee" shall include physicians under contract to provide health services with the State Board of Health, the State Board of Mental Health or any county or municipal jail facility while rendering services under such contract. The term "employee" shall also include any physician, dentist or other health care practitioner employed by the University of Mississippi Medical Center (UMMC) and its departmental practice plans who is a faculty member and provides health care services only for patients at UMMC or its affiliated practice sites. The term "employee" shall also include any physician, dentist or other health care practitioner employed by any university under the control of the Board of Trustees of State Institutions of Higher Learning who practices only on the campus of any university under the control of the Board of Trustees of State Institutions of Higher Learning. The term "employee" shall also include any physician, dentist or other health care practitioner employed by the State Veterans Affairs Board and who provides health care services for patients for the State Veterans Affairs Board. The term "employee" shall also include Mississippi Department of

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

Human Services licensed foster parents for the limited purposes of coverage under the Tort Claims Act as provided in Section 11-46-8.

(g) "Governmental entity" means and includes the state and political subdivisions as herein defined.

(h) "Injury" means death, injury to a person, damage to or loss of property or any other injury that a person may suffer that is actionable at law or in equity.

(i) "Political subdivision" means any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including but not limited to, any county, municipality, school district, community hospital as defined in Section 41-13-10, Mississippi Code of 1972, airport authority or other instrumentality thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

(j) "State" means the State of Mississippi and any office, department, agency, division, bureau, commission, board, institution, hospital, college, university, airport authority or other instrumentality thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

(k) "Law" means all species of law including, but not limited to any and all constitutions, statutes, case law, common law, customary law, court order, court rule, court decision, court opinion, court judgment or mandate, administrative rule or regulation, executive order, or principle or rule of equity.

Sources: Laws,  1984, ch. 495, § 1; reenacted without change, Laws,  1985, ch. 474, § 1; Laws, 1988, ch. 479, § 2; Laws, 1993, ch. 476, § 1; Laws, 1999, ch. 518, § 1; Laws, 2002, 3rd Ex. Sess., ch. 2, § 2, eff from and after Jan. 1, 2003.


# 2010 Mississippi Code
# TITLE 17 - LOCAL GOVERNMENT; PROVISIONS COMMON TO COUNTIES AND MUNICIPALITIES
# Chapter 9 - Lease of Mineral Lands other than Sixteenth Section or "In Lieu" Lands.
# 17-9-1 - Powers of governing authorities of counties and municipalities.

§ 17-9-1. Powers of governing authorities of counties and municipalities.


Subject to the provisions of this chapter, the boards of supervisors of each county and the mayors and boards of aldermen, or mayors and councilmen, as the case may be, of each municipal corporation are hereby authorized and empowered, in their discretion, to lease in the name of the county or municipal corporation any or all lands or minerals owned by the county or by the municipality for oil, gas and mineral exploration and development, upon such terms and conditions and for such consideration as the boards of supervisors or the mayors and the boards of aldermen or the mayors and councilmen, in their discretion, shall deem proper and advisable.

Sources: Codes, 1942, § 2892-01; Laws,  1946, ch. 185, § 1.


# 2010 Mississippi Code
# TITLE 19 - COUNTIES AND COUNTY OFFICERS
# Chapter 15 - Records and Recording.
# 19-15-1 - Preservation of essential public records of county governments; admissibility in evidence of copies of original records.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

§ 19-15-1. Preservation of essential public records of county governments; admissibility in evidence of copies of original records.

The Legislature declares that records containing information essential to the operation of government and to the protection of the rights and interests of persons should be protected against the destructive effect of all forms of disaster whether fire, flood, storm, earthquake, explosion or other disaster, and whether such occurrence is caused by an act of nature or man, including an enemy of the United States. It is, therefore, necessary to adopt special provisions for the preservation of essential records of counties, and this section shall be liberally construed to effect its purposes. However, it is the express intention of this section that the provisions herein contained are not mandatory but are permissive only and shall authorize preservation of records as herein contemplated within the discretion of the governing authorities of the counties of the state and in accordance with a records control schedule approved by the Local Government Records Committee as provided in Section 25-60-1.

The board of supervisors of any county is hereby authorized and empowered in its discretion to preserve essential records, or any portion thereof, of the county deemed by the board of supervisors to be an essential record necessary to the operation of government in an emergency created by disaster or containing information necessary to protect the rights and interests of persons or to establish and affirm the powers and duties of governments in the resumption of operations after the destruction or damage of the original records.

The board of supervisors of any county is authorized and empowered in its discretion to make and enter into contracts and agreements with any person, firm or corporation to make and prepare copies or duplicates of records, and, subject to the standards established by the Department of Archives and History, to provide for and enter into contracts concerning the safekeeping and preservation of copies or duplicates at points of storage at a location approved by the Local Government Records Committee.

In the event that the original record or records shall have been destroyed, the copy or reproduction shall be deemed to be an original record for all purposes and shall be treated as an original record in all courts or administrative agencies for the purpose of its admissibility in evidence. An enlargement or facsimile of a reproduction is likewise admissible in evidence if the original reproduction is in existence and available for inspection under direction of court.

The board of supervisors of any such county is authorized and empowered, in its discretion, to appropriate and expend monies out of the available funds of the county for the purposes of this section.

Sources: Codes, 1942, § 2900.3; Laws, 1963, 1st Ex Sess ch. 11, §§ 1-7; Laws, 1994, ch. 521, § 31; Laws, 1996, ch. 537, § 8; Laws, 2006, ch. 495, § 6, eff from and after July 1, 2006.


# 2010 Mississippi Code
# TITLE 21 - MUNICIPALITIES
# Chapter 39 - Contracts and Claims.
# 21-39-1 - Repealed.
§ 21-39-1. Repealed.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

Repealed by Laws, 1983, ch. 469, § 10, eff from and after July 1, 1983.

[Codes, 1906, § 3446; Hemingway's 1917, §§ 6006, 6060; 1930, §§ 2616, 2648; 1942, §§ 3374-83, 3374-107; Laws, 1912, ch. 120; 1922, ch. 222; 1950, ch. 491, §§ 83, 107]

# 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
### Chapter 1 - Public Officers; General Provisions.
### 25-1-9 - Oath of office taken.
§ 25-1-9. Oath of office taken.

The oath of office may be taken by all officers before any person authorized by law to administer an oath.

Sources: Codes, Hutchinson's 1848, ch. 33, art 27 (2); 1857, ch. 6, arts 184, 185; 1871, § 308; 1880, § 401; 1892, § 3053; 1906, § 3460; Hemingway's 1917, § 2798; 1930, § 2885; 1942, § 4030.

# 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
### Chapter 1 - Public Officers; General Provisions.
### 25-1-11 - Oath of office filed.
§ 25-1-11. Oath of office filed.

The oath of office of all state officers, and of all officers elected or appointed for any district composed of more than one county, shall be filed in the office of the secretary of state; but the oath of office of the circuit judges, chancellors, and district attorneys may be filed in the office of the clerk of the court where such officer shall first attend to discharge the duties of his office. The oath of office of all officers whose duties are confined within the limits of the county in which they are elected shall be filed in the office of the clerk of the chancery court of the county.

Sources: Codes, 1857, ch. 6, arts 184, 185; 1871, § 308; 1880, § 402; 1892, § 3054; 1906, § 3461; Hemingway's 1917, § 2799; 1930, § 2886; 1942, § 4031.

# 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
### Chapter 1 - Public Officers; General Provisions.
### 25-1-13 - State officials to make guaranty or surety bonds.
§ 25-1-13. State officials to make guaranty or surety bonds.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

The state officials hereinafter named shall give bond in the penalty specified for each, with surety by one or more guaranty or surety companies authorized to do business in the state. Said bonds shall be approved by the governor and commissioner of insurance and, when so approved, shall be filed and recorded in the office of the secretary of state.

The bond of the auditor of public accounts shall be for thirty thousand dollars; the state treasurer, one hundred thousand dollars; the land commissioner, fifteen thousand dollars; each of the public service commissioners, ten thousand dollars; director of the feed and fertilizer division, department of agriculture and commerce, ten thousand dollars; assistant secretary of state, five thousand dollars; state forester, five thousand dollars; sergeant of the guard of penitentiary, one thousand dollars; dispatch sergeant of the state penitentiary, one thousand dollars.

The official bonds of all other state officers shall continue and remain as to amounts thereof as now fixed elsewhere by law, but said bonds shall be subject to the provisions stated herein for sureties, approval, filing, and premium payment unless otherwise specifically provided.

Premiums paid on all bonds under the provisions of this section shall be paid out of the state treasury upon warrant of the auditor, which shall be issued upon the approval of the bonds as herein provided; provided, however, that the said premiums shall be at the lowest rate obtainable. If from any cause such guaranty or surety bond or bonds cannot be obtained in whole or in part because of refusal of said guaranty or surety companies, at a reasonable rate in the judgment of the insurance commissioner or for other cause, to make such bond or bonds, upon certificate of the commissioner of insurance to that effect, the officer or officers having thus been unable to make a bond or bonds may make such bond with personal or individual surety in the required penalty, to be approved by the governor and filed and recorded as directed herein, together with the certificate of the commissioner of insurance attached to the bond.

Sources: Codes, 1906, § 3462; Hemingway's 1917, § 2800; 1930, § 2887; 1942, § 4032; Laws, 1902, ch. 53; Laws, 1908, ch. 191.


# 2010 Mississippi Code
# TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
# Chapter 1 - Public Officers; General Provisions.
# 25-1-15 - Conditions of official bonds; new bonds to be secured every four years.

§ 25-1-15. Conditions of official bonds; new bonds to be secured every four years.

(1)  The bonds of all public officers required to give individual bond shall be conditioned in the following form, to wit:


"Whereas, the above bound A B was duly elected (or appointed) to the office of _____ on the _____ day of _____, for the term of _____ years from the _____ day of _____; therefore, if he shall faithfully perform all the duties of said office during his continuance therein, then the above obligation to be void."

A new bond in the amount required by law shall be secured at the beginning of each new term of office or every

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

four (4) years, whichever is less.

(2)  The bonds of all public employees required to give individual bond shall be conditioned in the following form, to wit:

"Whereas, the above bound A B was duly employed (or appointed) to the position of _____ on the _____ day of _____; therefore, if he shall faithfully perform all the duties of said position during his continuance therein, then the above obligation to be void."

A new bond in an amount not less than that required by law shall be secured upon employment and coverage shall continue by the securing of a new bond every four (4) years concurrent with the normal election cycle of the Governor or with the normal election cycle of the local government applicable to the employee.

(3)  A failure to observe the form herein prescribed shall not vitiate any official bond; and all official bonds shall be valid and binding in whatever form they may be taken, except so far as they may be conditioned for the performance of acts in violation of the laws or policy of the state. Whether in the proper penalty or without any penalty, whether correct or incorrect in its recitals as to the term of office or otherwise, whether properly payable, whether approved by the proper officer or not approved by any, or if irregular in any other respect, such bond, if delivered as the official bond of the officer or employee and serving as such, shall be obligatory on everyone who subscribed it for the purpose of making the official bond of such officer or employee to the full penalty or, if it has no penalty, to the full penalty of the bond which might have been required.

(4)  All blanket bonds given on positions of public employment shall be conditioned upon the faithful performance of all the duties of the positions covered and insured by said blanket bond. A new bond in an amount not less than that required by law for public employees shall be secured at the beginning of each new term of office of the public or appointed official by whom they are employed, if applicable, or at least every four (4) years concurrent with the normal election cycle of the Governor.

Sources: Codes, Hutchinson's 1848, ch. 33, art 12 (3); 1857, ch. 6, art 186; 1871, § 309; 1880, § 403; 1892, § 3055; 1906, § 3463; Hemingway's 1917, § 2801; 1930, § 2888; 1942, § 4033; Laws, 1986, ch. 458, § 1; Laws, 2000, ch. 426, § 1, eff from and after July 1, 2000.

## 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
## Chapter 1 - Public Officers; General Provisions.
## 25-1-17 - Official bonds payable to state.

§ 25-1-17. Official bonds payable to state.

The bonds of all public officers and public employees required to give bond shall be made payable to the state, and shall be put in suit in the name of the state for the use and benefit of any person injured by the breach thereof. Such bonds shall not be void on the first recovery, but may be put in suit from time to time by any party injured by the breach thereof, until the whole penalty shall be recovered.

Sources: Codes, 1857, ch. 6, art 188; 1871, § 311; 1880, § 404; 1892, § 3056; 1906, § 3464; Hemingway's 1917, § 2802; 1930, § 2889; 1942, § 4034; Laws, 1986, ch. 458, § 2, eff from and after October 1, 1986.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

## 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
## Chapter 1 - Public Officers; General Provisions.
## 25-1-19 - Approval of bonds of county and beat officers.

§ 25-1-19. Approval of bonds of county and beat officers.

(1)  The bond of the chancery clerk and circuit clerk of each county shall be approved by the board of supervisors of the county. The bond of the members of the board of supervisors of the county shall be approved by the chancery clerk of such county. The bonds of all other county officers and employees, or officers and employees for any district, subdivision, board or commission of a county, including public school districts, shall be approved by the board of supervisors of such county. All the bonds shall be filed and recorded in the office of the clerk of the chancery court of the county, except that the original of the chancery clerk's bond, after it is recorded, shall be deposited and filed in the office of the clerk of the circuit court.

(2)  The bond of any municipal officer or employee required to give bond shall be approved by the governing authority of such municipality. All said bonds shall be filed and recorded in the office of the municipal clerk of said municipality.

(3)  The bonds of all other officers and employees, unless otherwise provided by law, shall be approved by and filed with the appointing authority of such officer or employee.

Sources: Codes, Hutchinson's 1848, ch. 33, art 22 (2); 1857, ch. 6, art 187; 1871, § 310; 1880, §§ 405, 406; 1892, § 3057; 1906, § 3465; Hemingway's 1917, § 2803; 1930, § 2890; 1942, § 4035; Laws,  1986, ch. 458, § 3; Laws, 1988, ch. 471; Laws, 1988, ch. 488, § 1, eff from and after passage (approved April 30, 1988).

## 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
## Chapter 1 - Public Officers; General Provisions.
## 25-1-37 - Acts of de facto officer valid.

§ 25-1-37. Acts of de facto officer valid.

The official acts of any person in possession of a public office and exercising the functions thereof shall be valid and binding as official acts in regard to all persons interested or affected thereby, whether such person be lawfully entitled to hold the office or not and whether such person be lawfully qualified or not; but such person shall be liable to all the penalties imposed by law for usurping or unlawfully holding office, or for exercising the functions thereof without lawful right or without being qualified according to law.

Sources: Codes, 1857, ch. 6, art 194; 1871, § 317; 1880, § 415; 1892, § 3065; 1906, § 3473; Hemingway's 1917, § 2811; 1930, § 2899; 1942, § 4045.

## 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

## Chapter 1 - Public Officers; General Provisions.
## 25-1-31 - Personal bonds.

§ 25-1-31. Personal bonds.

All bonds required by law to be made by all public officers and employees shall be made in a surety company, authorized to do business in this state.

Any such officer or employee may make affidavit, such affidavit to include two (2) letters of refusal of such bond by bonding companies licensed to do business in the State of Mississippi, that he has made diligent effort to obtain the surety bond required by this section and was unable to do so. In such event, such officer or employee may make his official bond with two (2) or more personal sureties, qualified as provided by law.

Sources: Codes, 1930, § 2897; 1942, § 4042; Laws, 1924, ch. 233; Laws, 1962, ch. 495; Laws, 1981, ch. 471, § 45; Laws, 1982, ch. 423, § 9; Laws, 1986, ch. 458, § 8, eff from and after October 1, 1986.

## 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
## Chapter 1 - Public Officers; General Provisions.
## 25-1-43 - Officer not to make contract without authority.

§ 25-1-43. Officer not to make contract without authority.

An officer shall not enter into any contract on behalf of the state, or of any county, city, town, or village thereof, without being specially authorized thereto by law or by an order of the board of supervisors or municipal authorities.

Sources: Codes, Hutchinson's 1848, ch. 33, art 23; 1857, ch. 6, art 195; 1871, § 318; 1880, § 416; 1892, § 3066; 1906, § 3474; Hemingway's 1917, § 2812; 1930, § 2902; 1942, § 4048.

## 2010 Mississippi Code
## TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
## Chapter 1 - Public Officers; General Provisions.
## 25-1-71 - Public moneys are trust funds.

§ 25-1-71. Public moneys are trust funds.

All money deposited in a bank or with any depository by or for a tax collector or other officer having the custody of public funds, state, county, municipal, levee board, road districts, drainage districts, or school districts, whether the same be deposited in the name of the officer as an individual or as an officer or in the name of any other person, is prima facie public money and a trust fund, and is not liable to be taken by the general creditors of the officer or by the creditors of the depository. Whenever any corporation doing a banking business of whose property and banking business the banking examiner has taken possession as provided by law, it shall be the duty of such banking

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

examiner, or his agent in charge, out of the first money coming into his hands to immediately pay to the tax collector or other officer having the custody of such funds the full amount thereof, as far as possible. On failure so to do, the chancery court of the county where said corporation was doing business, or the chancellor thereof in vacation, shall on ten days notice require the payment of all, or such part thereof as is on hand, until the full amount due is paid. Nothing herein contained shall in any manner vary or affect the liability of such officer or his bondsmen.

Sources: Codes, 1892, § 3077; 1906, § 3485; Hemingway's 1917, § 2823; 1930, § 2914; 1942, § 4060; Laws, 1922, ch. 177.

# 2010 Mississippi Code
# TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
# Chapter 1 - Public Officers; General Provisions.
# 25-1-72 - Duty to deposit funds into county depository.

§ 25-1-72. Duty to deposit funds into county depository.

All county officers who receive funds payable into the county treasury shall deposit such funds into the county depository on the day when they are collected or on the next business day thereafter.

Sources: Laws, 1985, ch. 514, § 13; Laws, 1986, ch. 305, § 2, eff from and after passage (approved February 27, 1986).

# 2010 Mississippi Code
# TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS
# Chapter 1 - Public Officers; General Provisions.
# 25-1-45 - Civil liability for failure to perform duty.

§ 25-1-45. Civil liability for failure to perform duty.

If any county, county district, or municipal officer who has executed bond for the faithful performance of duty shall knowingly or wilfully fail, neglect, or refuse to perform any duty required of him by law or shall violate his official obligations in any respect, the president or, in the absence or disability or default of the president, the vice-president of the board of supervisors in case of a county or county district officer, and the mayor in case of a municipal officer, or any person interested in either case shall cause suit to be brought on the bond of such officer for the recovery of the damages that may have been sustained thereby.

Sources: Codes, 1857, ch. 64, art 62; 1871, § 2890; 1880, § 2757; 1892, § 3067; 1906, § 3475; Hemingway's 1917, § 2813; 1930, § 2903; 1942, § 4049; Laws, 1886, p 156; Laws, 1959, Ex Sess ch. 22, § 8.

# 2010 Mississippi Code
# TITLE 25 - PUBLIC OFFICERS AND EMPLOYEES; PUBLIC RECORDS

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

# Chapter 61 - Public Access to Public Records.
## 25-61-1 - Short title; legislative policy regarding right of access to records.

§ 25-61-1. Short title; legislative policy regarding right of access to records.

This chapter shall be known and may be cited as the "Mississippi Public Records Act of 1983." It is the policy of the Legislature that public records must be available for inspection by any person unless otherwise provided by this act [Laws, 1996, ch. 453]. Furthermore, providing access to public records is a duty of each public body and automation of public records must not erode the right of access to those records. As each agency increases its use of and dependence on electronic record keeping, each agency must ensure reasonable access to records electronically maintained, subject to the rules of records retention.

Sources: Laws, 1983, ch. 424, § 1; Laws, 1996, ch. 453, § 1, eff from and after July 1, 1996.

# 2010 Mississippi Code
# TITLE 75 - REGULATION OF TRADE, COMMERCE AND INVESTMENTS
# Chapter 67 - Loans.
## 75-67-231 - Preservation of records.

§ 75-67-231. Preservation of records.

All applications, bonds, records and other papers and documents filed with the commissioner in connection with applications for an issuance of all licenses shall be preserved by the commissioner as a permanent record in his office, and shall be available to the public in accordance with the Mississippi Public Records Act (Section 25-61-1 et seq., Mississippi Code of 1972); however, all files on licensees, as defined in Section 75-67-103, Mississippi Code of 1972, who have ceased business under the Small Loan Regulatory Law (Section 75-67-101 et seq.), Mississippi Code of 1972) and the Small Loan Privilege Tax Law (Section 75-67-201 et seq.), Mississippi Code of 1972) shall be maintained in accordance with retention periods established by the State Records Committee.

Sources: Codes, 1942, § 5591-46; Laws, 1958, ch. 168, § 16; Laws, 1994, ch. 320, § 7, eff from and after July 1, 1994.

# 2010 Mississippi Code
# TITLE 27 - TAXATION AND FINANCE
# Chapter 9 - Estate Tax.
## 27-9-1 - Citation of chapter.

§ 27-9-1. Citation of chapter.

This chapter may be cited as the estate tax law.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

Sources: Codes, 1942, § 9262-01; Laws, 1956, ch. 413, § 1.

## 2010 Mississippi Code
## TITLE 27 - TAXATION AND FINANCE
## Chapter 9 - Estate Tax.
## 27-9-35 - Lien.
§ 27-9-35. Lien.

Unless the tax is sooner paid in full, it shall be a lien for four years from the date of filing the return upon the gross estate of the decedent when an estate tax return has been filed with the commissioner, but in cases where no estate tax return is filed the lien shall remain in full force and effect for ten years from the due date of the return unless the tax is sooner paid in full; except that such part of the gross estate as is used for payment of charges against the estate and expenses of its administration allowed by any court having jurisdiction thereof shall be divested of such lien. If the commissioner is satisfied that the tax liability of an estate has been fully discharged or provided for, he may issue his certificate or waiver releasing any or all property of such estate from the lien herein imposed.

Sources: Codes, 1942, § 9262-19; Laws, 1956, ch. 413, § 19.

## 2010 Mississippi Code
## TITLE 27 - TAXATION AND FINANCE
## Chapter 9 - Estate Tax.
## 27-9-8 - Valuation of farm and closely held business property.
§ 27-9-8. Valuation of farm and closely held business property.

(1) (a)  If the decedent was, at the time of his death, a resident of the State of Mississippi, and the executor elects the application of this section and files the agreement referred to in subsection (4)(b), then, for the purposes of this chapter, the value of qualified real property shall be its value for the use under which it qualifies, under subsection (2), as qualified real property.

(b) The aggregate decrease in the value of qualified real property taken into account for purposes of this chapter which results from the application of subsection (1)(a) with respect to any decedent shall not exceed five hundred thousand dollars ($500,000.00).

(2) (a)  For purposes of this section, the term "qualified real property" means real property located in the State of Mississippi which, on the date of the decedent's death, was being used for a qualified use, but only if:

(i) Fifty percent (50%) or more of the adjusted value of the gross estate consists of the adjusted value of real or personal property which:

1. On the date of the decedent's death, was being used for a qualified use, and

2. Was acquired from or passed from the decedent to a qualified heir of the decedent.

(ii) Twenty-five percent (25%) or more of the adjusted value of the gross estate consists of the adjusted value of real property which meets the requirements of subsections (2)(a)(i)2 and (2)(a)(iii).

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

(iii) During the period of eight (8) years ending on the date of the decedent's death there have been periods aggregating five (5) years or more during which:

1. Such real property was owned by the decedent or a member of the decedent's family and used for a qualified use; and

2. There was material participation by the decedent or a member of the decedent's family in the operation of the farm or other business; and

(iv) Such real property is designated in the agreement referred to in subsection (4)(b).

(b) For purposes of this section, the term "qualified use" means the devotion of the property to any of the following:

(i) Use as a farm for farming purposes; or

(ii) Use in a trade or business other than the trade or business of farming.

(c) For purposes of subsection (2)(a), the term "adjusted value" means:

(i) In the case of the gross estate, the value of the gross estate for purposes of this chapter (determined without regard to this section), reduced by any amounts allowable as a deduction under 26 U.S.C.S. 2053(a)(4); or

(ii) In the case of any real or personal property, the value of such property for purposes of this chapter (determined without regard to this section), reduced by any amounts allowable as a deduction in respect of such property under 26 U.S.C.S. 2053(a)(4).

(3) (a)  There is hereby imposed an additional estate tax if, within fifteen (15) years after the decedent's death and before the death of the qualified heir:

(i) The qualified heir disposes of any interest in qualified real property (other than by a disposition to a member of his family); or

(ii) The qualified heir ceases to use for the qualified use the qualified real property which was acquired (or passed) from the decedent.

(b) (i) The amount of the additional tax imposed by subsection (3)(a) with respect to any interest shall be the amount equal to the lesser of:

1. The adjusted tax difference attributable to such interest; or

2. The excess of the amount realized with respect to the interest (or, in any case other than a sale or exchange at arm's length, the fair market value of the interest) over the value of the interest determined under subsection (1).

(ii) For purposes of subsection (3)(b)(i), the adjusted tax difference attributable to an interest is the amount which bears the same ratio to the adjusted tax difference with respect to the estate, determined under subsection (3)(b)(iii) as:

1. The excess of the value of such interest for purposes of this chapter, determined without regard to subsection (1), over the value of such interest determined under subsection (1), bears to:

2. A similar excess determined for all qualified real property.

(iii) For purposes of subsection (3)(b)(ii), the term "adjusted tax difference with respect to the estate" means the excess of what would have been the estate tax liability but for subsection (1) over the estate tax liability. For purposes of this subsection, the term "estate tax liability" means the tax imposed by Section 27-9-5 reduced by the exemptions and deductions allowable against such tax.

(iv) For purposes of this subsection, where the qualified heir disposes of a portion of the interest acquired by, or passed to, such heir, or a predecessor qualified heir, or there is a cessation of use of such a portion:

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

1. The value determined under subsection (1) taken into account under (3)(b)(i)2 with respect to such portion shall be its pro rata share of such value of such interest; and

2. The adjusted tax difference attributable to the interest taken into account with respect to the transaction involving the second or any succeeding portion shall be reduced by the amount of the tax imposed by this subsection with respect to all prior transactions involving portions of such interest.

(c) If the date of the disposition or cessation referred to in subsection (3)(a) occurs more than one hundred twenty (120) months and less than one hundred eighty (180) months after the date of the death of the decedent, the amount of the tax imposed by this subsection shall be reduced (but not below zero) by an amount determined by multiplying the amount of such tax (determined without regard to this paragraph) by a fraction:

(i) The numerator of which is the number of full months after such death in excess of one hundred twenty (120); and

(ii) The denominator of which is sixty (60).

(d) In the case of an interest acquired from (or passing from) any decedent, if subsection (3)(a)(i) or (3)(a)(ii) applies to any portion of an interest, subsection (3)(a)(i) or (3)(a)(ii), as the case may be, shall not apply with respect to the same portion of such interest.

(e) The additional tax imposed by this subsection shall become due and payable on the day which is six (6) months after the date of the disposition or cessation referred to in subsection (3)(a).

(f) The qualified heir shall be personally liable for the additional tax imposed by this subsection with respect to his interest.

(g) For purposes of subsection (3)(a)(ii), real property shall cease to be used for the qualified use if:

(i) Such property ceases to be used for the qualified use set forth in subsection (2)(b)(i) or (2)(b)(ii) under which the property qualified under subsection (2); or

(ii) During any period of eight (8) years ending after the date of the decedent's death and before the date of the death of the qualified heir, there had been periods aggregating three (3) years or more during which:

1. In the case of periods during which the property was held by the decedent, there was no material participation by the decedent or any member of his family in the operation of the farm or other business; and

2. In the case of periods during which the property was held by any qualified heir, there was no material participation by such qualified heir or any member of his family in the operation of the farm or other business.

(4) (a) The election under this section shall be made not later than the time prescribed for filing the return of tax imposed by Section 27-9-5 (including extensions thereof), and shall be made in such manner as the commissioner shall by regulation prescribe.

(b) The agreement referred to in this paragraph is a written agreement signed by each person in being who has an interest (whether or not in possession) in any property designated in such agreement consenting to the application of subsection (3) with respect to such property.

(5) For purposes of this section:

(a) The term "qualified heir" means, with respect to any property, a member of the decedent's family who acquired such property (or to whom such property passed) from the decedent. If a qualified heir disposes of any interest in qualified real property to any member of his family, such member shall thereafter be treated as the qualified heir with respect to such interest.

(b) The term "member of the family" means, with respect to any individual, only such individual's ancestor or lineal descendant, a lineal descendant of a grandparent of such individual, the spouse of such individual, or the spouse of

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

any such descendant. For purposes of the preceding sentence, a legally adopted child of an individual shall be treated as a child of such individual by blood.

(c) In the case of real property which meets the requirements of subsection (2)(a)(iii), residential buildings and related improvements on such real property occupied on a regular basis by the owner or lessee of such real property or by persons employed by such owner or lessee for the purpose of operating or maintaining such real property, and roads, buildings and other structures and improvements functionally related to the qualified use shall be treated as real property devoted to the qualified use.

(d) The term "farm" includes stock, dairy, poultry, fruit, fur-bearing animal, and truck farms, plantations, ranches, nurseries, ranges, greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities, and orchards and woodlands.

(e) The term "farming purposes" means:

(i) Cultivating the soil or raising or harvesting any agricultural or horticultural commodity (including the raising, shearing, feeding, caring for, training and management of animals) on a farm;

(ii) Handling, drying, packing, grading or storing on a farm any agricultural or horticultural commodity in its unmanufactured state, but only if the owner, tenant or operator of the farm regularly produces more than one-half (1/2) of the commodity so treated; and

(iii) 1. The planting, cultivating, caring for or cutting of trees, or

2. The preparation (other than milling) of trees for market.

(f) (i) Except as provided in subsection (5)(f)(ii), the value of a farm for farming purposes shall be determined by dividing:

1. The excess of the average annual gross cash rental for comparable land used for farming purposes and located in the locality of such farm over the average annual state and local real estate taxes for such comparable land, by

2. The average annual effective interest rate for all new federal land bank loans. For purposes of the preceding sentence, each average annual computation shall be made on the basis of the five (5) most recent calendar years ending before the date of the decedent's death.

(ii) The formula provided by subsection (5)(f)(i) shall not be used:

1. Where it is established that there is no comparable land from which the average annual gross cash rental may be determined, or

2. Where the executor elects to have the value of the farm for farming purposes determined under subsection (5)(g).

(g) In any case to which subsection (5)(f)(i) does not apply, the following factors shall apply in determining the value of any qualified real property:

(i) The capitalization of income which the property can be expected to yield for farming or closely held business purposes over a reasonable period of time under prudent management using traditional cropping patterns for the area, taking into account soil capacity, terrain configuration and similar factors;

(ii) The capitalization of the fair rental value of the land for farmland or closely held business purposes;

(iii) Assessed land values if a differential or use value assessment law exists for farmland or closely held business;

(iv) Comparable sales of other farm or closely held business land in the same geographical area far enough removed from a metropolitan or resort area so that nonagricultural use is not a significant factor in the sale price; and

(v) Any other factor which fairly values the farm or closely held business value of the property.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

(6)  If qualified real property is disposed of or ceases to be used for a qualified use, then:

(a) The statutory period for the assessment of any additional tax under subsection (3) attributable to such disposition or cessation shall not expire before the expiration of three (3) years from the date the commissioner is notified (in such manner as the commissioner may by regulation prescribe) of such disposition or cessation; and

(b) Such additional tax may be assessed before the expiration of such period of three (3) years notwithstanding the provisions of any other law or rule of law which would otherwise prevent such assessment.

(7)  The commissioner shall prescribe regulations setting forth the application of this section in the case of an interest in a partnership, corporation or trust which, with respect to the decedent, is an interest in a closely held business.

Sources: Laws,  1978, ch. 452, § 3, eff from and after July 1, 1978.


# 2010 Mississippi Code
# TITLE 85 - DEBTOR-CREDITOR RELATIONSHIP
# Chapter 1 - Assignment for Benefit of Creditors.
# 85-1-1 - Execution of assignment; petition in chancery in case of general assignment.

§ 85-1-1. Execution of assignment; petition in chancery in case of general assignment.


Assignments for the benefit of creditors may be executed as heretofore; but in every case of a general assignment where the property assigned shall exceed in value the sum of one thousand dollars, the assignee or trustee shall, before he enters upon the discharge of his duties, after taking possession, and within twenty-four hours thereafter, file a petition in the chancery court of the county of the assignor's residence or place of business, or if he had no residence or place of business in this state, then of the county of the residence of some of his creditors, or where the property or some of it may be, for the administration of the trust. The assignor and all of his creditors must be made parties to the petition.

Sources: Codes, 1892, § 117; 1906, § 120; Hemingway's 1917, § 107; 1930, § 110; 1942, § 298


# 2010 Mississippi Code
# TITLE 85 - DEBTOR-CREDITOR RELATIONSHIP
# Chapter 7 - Liens.
# 85-7-1 - Employer and employees; lien on crops.

§ 85-7-1. Employer and employees; lien on crops.


(1)  Every employer shall have a lien on the share or interest of his employee in any crop made under such employment, for all advances of money, and for the fair market value of other things advanced by him, or anyone at his request, for supplies for himself, his family and business during the existence of such employment, which lien the employer may offset, recoup, or otherwise assert and maintain.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

(2) Every employee, laborer, cropper, part owner, overseer or manager, or other person who may aid by his labor to make, gather, or prepare for sale or market any crop, shall have a lien on the interest of the person who contracts with him for such labor for his wages, share or interest in such crop, whatever may be the kind of wages or the nature of the interest, which lien such employee, laborer, cropper, part owner, overseer or manager, or other person may offset, recoup or otherwise assert and maintain.

(3) Except as provided in subsection (4) of this section, any lien arising under the provisions of this section shall be paramount to all liens and encumbrances or rights of any kind created by or against the person so contracting for such assistance when perfected in accordance with Uniform Commercial Code Article 9 - Secured Transactions (Section 75-9-101 et seq.), except the lien of the lessor of the land on which the crop is made, for rent and supplies furnished, as provided in the chapter on "Landlord and Tenant," appearing as Chapter 7 of Title 89, Mississippi Code of 1972.

(4) Any lien arising under the provisions of subsection (2) of this section in favor of any person other than an employee, laborer, cropper, part owner, overseer or manager as to crops or the proceeds thereof shall be effective against a third party only for a period of twenty-one (21) days from and after the time the labor is completed, unless within such period of time the lien is perfected in accordance with Uniform Commercial Code Article 9 - Secured Transactions (Section 75-9-101 et seq.). Any such lien in favor of any person other than an employee, laborer, cropper, overseer or manager which has not been perfected within the twenty-one-day period as herein provided shall, upon subsequent perfection of such lien, have the priority as against a third party to which a perfected security interest may be entitled under Uniform Commercial Code Article 9 - Secured Transactions (Section 75-9-101 et seq.).

Sources: Codes, 1880, § 1360; 1892, § 2682; 1906, § 3042; Hemingway's 1917, § 2400; 1930, § 2238; 1942, § 336; Laws, 1894, ch. 71; Laws, 1985, ch. 492; Laws, 2001, ch. 495, § 33, eff from and after Jan. 1, 2002.

# 2010 Mississippi Code
# TITLE 85 - DEBTOR-CREDITOR RELATIONSHIP
# Chapter 8 - Uniform Federal Lien Registration Act.
# 85-8-1 - Short title.
§ 85-8-1. Short title.

This chapter may be cited as the Uniform Federal Lien Registration Act.

Sources: Laws, 1989, ch. 515, § 1, eff from and after January 1, 1990.

# 2010 Mississippi Code
# TITLE 85 - DEBTOR-CREDITOR RELATIONSHIP
# Chapter 8 - Uniform Federal Lien Registration Act.
# 85-8-5 - Notice of lien; filing.
§ 85-8-5. Notice of lien; filing.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

(1)  Notices of liens, certificates and other notices affecting federal tax liens or other federal liens must be filed in accordance with this chapter.

(2)  Notices of liens upon real property for obligations payable to the United States and certificates and notices affecting the liens shall be filed in the office of the chancery clerk of the county in which the real property subject to a federal lien is situated.

(3)  Notices of federal liens upon personal property, whether tangible or intangible, for obligations payable to the United States and certificates of notices affecting the liens shall be filed as follows:

(a) If the person against whose interest the lien applies is a corporation or a partnership whose principal executive office is in the state, as these entities are defined in the Internal Revenue laws of the United States, in the office of the Secretary of State.

(b) If the person against whose interest the lien applies is a trust that is not covered by paragraph (a) of this subsection, in the office of the Secretary of State.

(c) If the person against whose interest the lien applies is the estate of a decedent, in the office of the Secretary of State.

(d) In all other cases in the office of the chancery clerk of the county where the owner resides at the time of filing of the notice of lien.

Sources: Laws,  1989, ch. 515, § 3, eff from and after January 1, 1990.

# 2010 Mississippi Code
# TITLE 85 - DEBTOR-CREDITOR RELATIONSHIP
# Chapter 8 - Uniform Federal Lien Registration Act.
# 85-8-11 - Duties of chancery clerk.
§ 85-8-11. Duties of chancery clerk.

Chancery clerks with whom notices of federal liens, certificates and notices affecting such liens have been filed prior to January 1, 1990, shall, after that date, continue to maintain records containing such notices and certificates filed prior to January 1, 1990.

Sources: Laws,  1989, ch. 515, § 6; Laws, 1990, ch. 373, § 2, eff from and after passage (approved March 13, 1990).

# 2010 Mississippi Code
# TITLE 85 - DEBTOR-CREDITOR RELATIONSHIP
# Chapter 8 - Uniform Federal Lien Registration Act.
# 85-8-15 - Interpretation and construction of Chapter.
§ 85-8-15. Interpretation and construction of Chapter.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Sources: Laws, 1989, ch. 515, § 8, eff from and after January 1, 1990.

## INTERNATIONAL COVENANT ON ECONOMIC, SOCIAL AND CULTURAL RIGHTS

See Exhibit……………………………

## UNIDROIT PRINCIPLES OF INTERNATIONAL COMMERCIAL CONTRACTS

See Exhibit………………………..

## CODE OF JUDICIAL CONDUCT

See Exhibit …………………………………..

## HOUSE OF JOINT RESOLUTION 192

On June 5, 1933, Congress passed House Joint Resolution (HJR 192). HJR 192 was passed to suspend the gold standard and abrogate the gold clause in the national constitution. Since then no one in America has been able to lawfully pay a debt. This resolution declared:

"To assure uniform value to the coins and currencies of the Unites States,

Whereas the holding of or dealing in gold affect public interest, and are therefore subject to proper regulation and restriction; and

Whereas the existing emergency has disclosed that provisions of obligations which purport to give the obligee a right to require payment in gold or a particular kind of coin or currency of the United States, or in an amount in money of the United States measured thereby, obstruct the power of the Congress to regulate the value of the money of the United States, and are inconsistent with the declared policy of the Congress to maintain at all times the equal power of every dollar, coined or issued by the United States, in the markets and in the payment of debts,

Now, therefore, be it Resolved by the Senate and House of Joint Representative of the United States of America in Congress assembled, that

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

(a) every provision contained in or made with respect to any obligation which purports to give the obligee a right to require payments in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereafter incurred. Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at time of payment is legal tender for public and private debts. Any such provision contained in any law authorizing obligations to be issued by or under authority of the United States, is hereby repealed, but the repeal of any such provision shall not invalidate any other provision or authority contained in such law.

(b) As used in this resolution, the term 'obligation' means any obligation (including every obligation of and to the United States, excepting currency) payable in money of the United States; and the term 'coin or currency' means coin or currency of the United States, including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations.
Sec. 2 The last sentence of paragraph (1) of subsection (b) of section 43 of the Act entitled 'An Act to relieve the existing national economic emergency by increasing agricultural purchasing power, to raise revenue for extraordinary expenses incurred by reason of such emergency, to provide emergency relief with respect to agricultural indebtedness, to provide for the orderly liquidation of joint-stock land banks, and of other purposes;, approved May 12, 1933, is amended to read as follows:

"All coins and currencies of the United Stated (including Federal Reserve notes and circulating notes of the Federal Reserve banks and national banking associations) heretofore or hereafter coined or issued, shall be legal tender for all debts, public and private, public charges, taxes, duties, and dues, except that gold coins, when below the standard weight and limit of tolerance provided by law for the single piece, shall be legal tender only at valuation in proportion to their actual weight.'

Approved, June 5, 1933, 4:40 p.m. 31 U.S.C.A. 462, 463

House Joint Resolution 192, 73d Congress, Sess. I, Ch. 48, June 5, 1933 (Public Law No. 10 )

Note: "payment of debt" is now against Congressional and "public policy" and henceforth, "Every obligation . . . Shall be discharged."

As a result of HJR 192, and from that day forward (June 5, 1933), no one in this nation has been able to lawfully pay a debt or lawfully own anything. The only thing one can do, is tender in transfer of debts, with the debt being perpetual. The suspension of the gold standard, and prohibition against paying debts, removed the substance for our common law to operate on, and created a void as far as the law is concerned.

This substance was replaced with a "PUBLIC NATIONAL CREDIT SYSTEM" where debt is "LEGAL TENDER" money.

HJR 192 was implemented immediately. The day after President Roosevelt signed the resolution, the treasury offered the public new government securities, minus the traditional "payable in gold" clause.

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

## IV. NATIONAL CAUSES OF ACTION

\* Plaintiff realleges the allegations of Paragraphs above and further alleges as follows:

\* The herein described actions, engaged in under color of law and color of authority by the Defendants, sued as individuals, responsible because of its authorization (automatically concurred and approved - 12 U.S.C.95 b), condemnation and ratification thereof for the acts of its agents and servants, deprived the Plaintiff of rights secured by the Constitution for the united States of America, including but not limited to, the fourth amendment right to be free from unreasonable search and seizure without probable cause or without warrant, the fifth amendment right to be free from deprivation of life, liberty, or property without due process of law, and the sixth amendment right to be informed of any nature and cause, as these rights are purviewed through the fourteenth amendment.

\* THIRD CAUSE Plaintiff's Fourth Amendment right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures; and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized (IRS, USAPATRIOT, UNIDROIT);

\* FOURTH CAUSE Plaintiff's Fifth Amendment right not to be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury (Statutory Jurisdiction notwithstanding);

\* SEVENTH CAUSE Plaintiff's Ninth and Tenth Amendment rights to powers and certain rights enumerated in the Constitution for the united States of America and not delegated to the Government of the United States to be reserved to the States or to the Plaintiff;

\* EIGHTH CAUSE Plaintiff's Eleventh Amendment right not to have the Judicial power of the United States be construed to extend to any suit in law or equity, commenced or prosecuted against one of the united States by citizens of another State, or by citizens or subjects of any foreign State: Defined - "A 'foreign state'...is a country which is not the United States, or its possession or colony, an alien country, other than our own.", Kletter v. Dulles, D.C.D.C., 111 F.Supp. 593, 598, and further defined - Volume 20: Corpus Juris Secundum \ 1785: "The United States Government is a foreign corporation with respect to a State; See attached...

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, jointly and severally as follows:

a.) A Declaratory Judgment that the actions of the Defendant(s) and State Judiciary acting in concert with un-constitute an unlawful usurpation of the Constitution for the united States of America, unlawful actions against the contracts of UNIDROIT for the purpose(s) of implementing exclusive Legislation, in all cases whatsoever (Statutory Jurisdiction) over the Plaintiff, to the detriment of lawful money in these united States of America and for Treason, high Crimes and Misdemeanors (Article II Section 4 and Article III Section 3);

b.) as compensatory and consequential damages, the sum of $2,500,000,000,000;

c.) as punitive damages the sum of $2,500,000,000,000; Total: $5,000,000,000,000;
NOT Federal Reserve Notes; FRB assets only. The Debt: $10 Trillion

d.) the costs and disbursements of this action;

e.) all attorney's fees incurred in prosecuting this action pursuant to 42 U.S.C. Section 1988;

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

f.) the right to amend this complaint as needed;

g.) such other and further relief both at Law and in equity, to which this plaintiff may be justly entitled or as this court deems proper.

Dated: 23 , June    2013

**PRIVATE, CLOSED SESSION IS DEMANDED.**

_____
*TYLER MCKINZIE DUFF EVERETT ens legis*
*(USUFRUCT HOLDER Jelani Kwaku El sui juris)*

WITNESS my hand and official seal.

Rebecca Green                    09/23/2013                    (Seal)
Notary Public                         Date

My commission expires:  June  24 , 20 13

TYLER MCKINZIE DUFF EVERETT ens legis ESTATE
EXECUTOR OFFICE
NATION "MISSISSIPPI"
GENERAL POST OFFICE 3401
GULFPORT [EVEREET] PROVINCE
UNITED STATE MINOR, OUTLYING ISLANDS
NEAR [39505-9998]

228-209-1169 CELL