### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**TYLER McKINZIE DUFF EVERETT**                                              **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.  1:13cv375-LG-JMR**

**STATE OF MISSISSIPPI;**
**ROGER T. CLARK; JOHN C. GARGIULO;**
**LISA P. DODSON; MISSISSIPPI CRIME LABORATORY;**
**GULFPORT POLICE DEPARTMENT and**
**TIMOTHY ADAMS**                                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter comes before the Court on the motion to dismiss [30] filed by the plaintiff, Tyler McKinzie Duff Everett [Everett]. Also pending before the Court is the motion for summary judgment [23] filed by the defendants Roger T. Clark [Clark]; Lisa P. Dodson [Dodson]; John C. Gargiulo [Gargiulo]; the Mississippi Crime Laboratory; and the State of Mississippi [State]. Everett has filed a motion for habeas corpus [19]; a motion for malicious prosecution [20] and a motion for corpus delicti [21] burden of proof. Timothy Adams [Adams] filed a motion to dismiss [15] and a motion to stay proceedings [14] and/or for additional time to submit responses.

The motion for summary judgment filed by the State and the Mississippi Crime Laboratory indicates that Everett's claims against these defendants pursuant to § 1983 are barred by Eleventh Amendment immunity. [23, p. 1.] In addition, the defendants assert that any claims against Clark, Dodson and Gargiulo are barred by the doctrine of judicial immunity. [23, p. 2] In the alternative, the defendants seek to stay this case pending the outcome of Everett's criminal proceedings pursuant to *Heck v. Humphrey*[1]. (*Id.*)

_____

[1]512 U.S. 477 (1994).

Everett's motion to dismiss states "[b]ased on Eleventh Amendment immunity, judicial immunity and other jurisdictional grounds, I herein request that this case be dismissed for lack of evidence and non-specific proceedural [sic] errors." [30, p. 1.]

Everett filed this lawsuit against the defendants for acts which Everett characterizes as "an unlawful usurpation of the Constitution for the united [sic] States of America, unlawful actions against the contracts of UNIDROIT for the purpose(s) of implementing exclusive Legislation, in all cases whatsoever (Statutory Jurisdiction) over the Plaintiff, to the detriment of lawful money in these united [sic] States of America and for Treason, high Crimes and Misdemeanors (Article II Section 4 and Article III Section 3)." [1, p. 37.] It appears from his complaint that he is attacking a criminal charge lodged against him and the proceedings in that charge. He states that "Being that the schedule date for picking jury did not go through on its date; I Jelani Kwaku El[2] request for a mistrial and acquitted of all charges due to the lack of jurisdiction." [1, p. 2.] In addition, he states, "The correct weight of so called control substance is inaccurate. The Court's are extorting the Fact's and using presumption by estimating the weight of the so called control substance by increasing the weight to 30-33 grams (See Exbihit [sic]) when the correct estimated weight is 1.2 grams 1.5 grams of marijuana and 1.2 grams to 1.5 grams of cocaine." [1, p. 3.]

Adams also asserts that Everett's complaint appears to arise out of criminal charges lodged against him in Harrison County. [14, p. 2; 2-2, pp. 3-12.] Everett advanced claims of a violation of the Fourth, Fifth, Ninth, Tenth and Eleventh Amendments to the United States

---

[2]According to some of the pleadings in this case, Everett refers to himself as "ens legis (USUFRUCT HOLDER Jelani Kwaku El sui juris.)" [1, p. 1.]

Constitution. [1, p. 37.] According to Adams, because the criminal proceedings described in Everett's complaint were still pending at the time Everett filed his complaint, a motion to stay proceedings in this case pending the outcome of the state criminal proceedings is appropriate. [14, p. 4.]

According to the documents in evidence in this case, Dodson was appointed as standby attorney for Everett by the Circuit Court. [19-6, p. 1; 23-8, p. 4.] Although this issue is not raised by the defendants, as discussed below, the Court recommends that Dodson be dismissed as a defendant for failure to state a claim.

## **ANALYSIS**

Everett seeks voluntary dismissal of this matter. [30.] Under Federal Rule of Civil Procedure 41(a)(2):

> an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002). Rule 41(a)(2) provides district courts with the discretion to grant a plaintiff's motion for voluntary dismissal, which allows the plaintiff "to withdraw his action from the court without prejudice to future litigation." *Balistreri v. Metro. Life Ins. Co.*, 272 F. App'x 345, 346 (5th Cir. 2008), *cert. denied* 555 U.S. 949. The defendants in this case have sought dismissal of this case. [31, 32.] In addition, Adams seeks an order that

the plaintiff pay all costs and fees, including attorney fees, prior to filing any future action against "the same or similar Defendants or otherwise arising out of the same of similar set of alleged facts and that any future or other action should be stayed pending payment of all such costs and fees." [32, p. 4.] Each Defendant advances several grounds for dismissal of this suit, which will be discussed below. Because the claims will be dismissed against all defendants in this case, the Court declines to impose sanctions on Everett for the dismissal of this case.

I.    Judicial Immunity

Judges enjoy absolute immunity for judicial acts performed in judicial proceedings. *Pierson v. Ray,* 386 U.S. 547, 553-4 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356-7 (1978); *Ballard v. Wall*, 413 F.3d 510, 515-16 (5th Cir. 2005). In other words, judicial immunity may be overcome only by showing that the actions complained of were nonjudicial in nature or were taken in the complete absence of all jurisdiction. *Mireless v. Waco,* 502 U.S. 9, 11-2 (1991). The following four-part test is used to determine whether an act is a "judicial act" that justifies immunity:  (1) whether the alleged act is a normal judicial function; (2) whether the act occurred in the judge's courtroom or chambers; (3) whether the controversy involved a case pending before the judge; and (4) whether the act arose directly out of a visit to the judge in his official capacity. *Ballard,* 413 F.3d at 515 (citations omitted).

The evidence submitted establishes that Judge Clark and Gargiulo either presided over the plea hearing or trial of this matter in Circuit Court. [23-8, pp. 1-5.] There is nothing in this

case to establish that either Judge Clark or Gargiulo's actions did not arise out of acts performed in the exercise of their judicial functions, and the Court concludes that Everett can prove no set of facts in support of his claims which would entitle him to relief against these defendants. *Stump,* 435 U.S. at 356. Accordingly, the Court recommends that Judges Clark and Gargiulo's motion to dismiss the claims brought in this suit against them under section 1983 should be granted based on judicial immunity.

II.      Eleventh Amendment Immunity

The Eleventh Amendment bars claims against a state filed pursuant to § 1983 seeking monetary damages against state defendants acting in their official capacity. *Aguilar v. Texas Dep't of Crim. Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. Of Trustees,* 925 F.2d 866, 875 n.9 (5th Cir. 1991)); *Lapides v. Bd. of Regents of Univ. Sys. of GA*, 535 U.S. 613, 617 (2002). A suit against a state official in his or her official capacity is a suit against the official's office, and consequently, "it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (citations omitted). Federal claims against state employees in their official capacities are the equivalent of suits against the state, and such claims are barred by the Eleventh Amendment. *Williams v. Dallas Area Rapid Transit,* 242 F.3d 315, 318 (5th Cir. 2001), *cert. denied* 534 U.S. 1042. Clearly, no action can be brought against the State under § 1983 based on these principles. The Court, therefore, recommends that the motion for summary judgment should be granted against the State based on Eleventh Amendment immunity.

If the Mississippi Crime Laboratory is an agency or instrumentality of the State of Mississippi, then no action can be maintained against it for monetary damages, or against state

actors acting in their official capacity. *Leland v. Miss. State Bd. of Registration for Prof'l Eng'rs & Land Surveyors,* 841 F. Supp. 192, 195 (S.D. Miss. 1993), *aff'd* 35 F.3d 559 (5th Cir. 1994). There are several factors which the Court must consider in determining whether an entity is legally a state agency, rather than just an agency which include:  (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999), *cert. denied* 528 U.S. 1004.

The Mississippi Crime Laboratory was established under statutory authority as an arm of the state and therefore is not considered a "person" under § 1983. *See State v. Blenden,* 748 So.2d 77, 86 (Miss.1999) (finding Mississippi Crime Laboratory a state agency). Accordingly, Everett cannot maintain this action against the Mississippi Crime Laboratory. The Court concludes that any claims against the Mississippi Crime Laboratory or the State should be dismissed with prejudice based on Eleventh Amendment immunity.

III.    Failure to State a Claim Against Dodson

Based on the allegations of Everett's complaint and the documents filed in this case, it is unclear if Dodson was hired by Everett, or was appointed to represent him in the criminal proceedings which are the basis of this civil action; in either case, the Court finds that Dodson is not a state actor. *See Polk County v. Dodson,* 454 U.S. 312, 324–5 (1981) (holding that a public defender is not a state actor for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Accordingly, the Court

finds that any claims against Dodson brought under § 1983 in this case should be dismissed with prejudice.

IV.    <u>Failure to State a Claim Against Adams and Gulfport Police Department</u>

The Court has reviewed the documents filed by Everett and is unable to determine the claims advanced against Adams or the Gulfport Police Department. The Gulfport Police Department is not a "person" under § 1983 and is not subject to liability in this case. *See City of Kenosha v. Bruno*, 412 U.S. 507, 513 (1973). In addition, a city police department "is not a proper party defendant in a civil rights suit arising from the purported actions of the City's police officers." *Parker v. Ft. Worth Police Dep't,* 980 F.2d 1023, 105–26 (5th Cir. 1993). Even if the City of Gulfport, the proper party in interest, were sued, this Court finds that Everett failed to state a claim upon which relief can be granted, since he has not pled any facts which state a basis for recovery against the City of Gulfport. The Court, therefore, recommends that the Gulfport Police Department should be dismissed, with prejudice, from this lawsuit.

In addition, Everett has not advanced any claims against Adams in his complaint or any of the other documents filed with the court. The court is unable to determine what, if any, role Adams played in the events leading to this lawsuit. To state a claim under § 1983, a plaintiff must allege and show:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Landry v. A-Able Bonding, Inc.,* 75 F.3d 200, 203 (5th Cir. 1996). A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his constitutional rights. *Daniels v. Williams,* 474 U.S. 327, 333–6 (1986).

In this case, aside from identifying Adams as a defendant in the style of the case, the

body of the complaint is completely devoid of any factual allegations against him. Adams is not mentioned by name anywhere in the body of the complaint, nor are there any factual allegations in the body of the complaint which might alert him to the charges against which he may reasonably expect to have to defend. There is nothing in Everett's subsequent filings that either mentions Adams, or provides even a hint about any factual allegations against him. Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading essentials still prevail in *pro se* suits. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A *pro se* plaintiff alleging a constitutional violation must plead with factual detail and particularity the basis for their claims. *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir. 1996). Conclusory claims are subject to dismissal. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied* 559 U.S. 936 (2010).

Everett acknowledges the lack of support for his claims in his motion to voluntarily dismiss his case, in which he states "that this case be dismissed for lack of evidence and non-specific proceedural [sic] errors." [30, p. 1.] The Court recommends that any claims advanced against Adams be dismissed without prejudice for failure to state a claim.

V.    Application of *Heck* to Everett's Claims

Everett asserts that he was arrested under an invalid warrant on charges of possession of a controlled substance. [19, pp. 3, 6, 9.] He claims that he was not given a jury of his peers because he did not take part in the selection of that jury. [19-1.] He seeks damages in the amount of $2,500,000,000,000 and punitive damages in the amount of $2,500,000,000,000 along with

costs and "disbursements" of this action. [1, p. 37.] He also seeks attorney's fees and a declaratory judgment that the actions of the defendants acted in violation of the United States Constitution. (*Id*.)

Everett's damages claims are subject to dismissal under *Heck*. "The threshold question for a *Heck*-type analysis is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). In *Heck,* the Supreme Court ruled that a state prisoner cannot bring a § 1983 damages action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–7.

A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Id.* The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by the plaintiffs on convictions that are "still outstanding." *Id*.

Plaintiff's claims challenge the factual determination that underlies his arrest and confinement for possession of a controlled substance. Therefore, the Court finds that a judgment in favor of Plaintiff would imply the invalidity of conviction, which has not been reversed, expunged, declared invalid, or called into question by a federal *habeas corpus* proceeding. *Heck*, 512 U.S. at 486-7; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007). *Heck*

bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486. Unless his conviction has been overturned, which in this case has not occurred, a plaintiff cannot bring a section 1983 claim if prevailing on that claim would imply that his conviction was invalid. Thus, Plaintiff's damages claims in this case are barred by *Heck* and the Court recommends that any remaining claims the case be dismissed without prejudice.

VI.   Remaining Motions

The Court recommends that the motion to stay [14] filed by Adams and Everett's motion for habeas corpus [19]; motion for malicious prosecution [20]; motion for corpus delicti [21] burden of proof; and motion to dismiss [30] should be denied.

Conclusion

Based on the forgoing analysis, this Court recommends that the motion for summary judgment [23] should be granted and all claims advanced against Clark, Dodson, Gargiulo, the Mississippi Crime Laboratory, and the State should be dismissed with prejudice, based on the immunity defenses raised in the motion. In addition, the Court recommends that the motion to dismiss [15] filed by Adams should be granted and that the motion to stay [14] should be denied. Finally the Court finds that Everett's motion for habeas corpus [19]; motion for malicious prosecution [20]; motion for corpus delicti [21] burden of proof; and motion to dismiss [30] should be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than May 1, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate

Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was sent to Everett at his last known address by certified mail, return receipt requested.

This the 17th day of April, 2014.

_____s/ John M. Roper, Sr._____
CHIEF UNITED STATES MAGISTRATE JUDGE